UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRCM ADVISERS LLC,

                              Plaintiff,

          -against-                                          20-cv-5649 (LAK)

TWO HARBORS INVESTMENT CORP.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/18/2021

### MEMORANDUM OPINION

                    Appearances:

                              Michael V. Ciresi
                              Jan M. Conlin
                              Barry M. Landy
                              Jacob F. Siegel
                              CIRESI CONLIN LLP

                              Ching-Lee Fukuda
                              Thomas K. Cauley Jr.
                              Steven Sexton
                              SIDLEY AUSTIN LLP

                              *Attorneys for Plaintiff*

                              Daniel Roeser
                              Richard M. Strassberg
                              Ezekiel L. Hill
                              GOODWIN PROCTER LLP
                              *Attorneys for Defendants*

LEWIS A. KAPLAN, *District Judge.*

          This is a dispute between Two Harbors Investment Corp. ("Two Harbors") – a real

estate investment trust ("REIT") – and its external manager, PRCM Advisers LLC ("PRCM").  It

2

involves Two Harbors' efforts to internalize management and terminate a management agreement with PRCM (the "Management Agreement") pursuant to which PRCM had managed Two Harbors since its inception in 2009.[1]   PRCM claims that Two Harbors improperly terminated the Management Agreement, unlawfully poached its employees, and misappropriated its intellectual property.

In a prior decision, the Court dismissed PRCM's claim that Two Harbors' termination of the Management Agreement was improper.  PRCM now moves for leave to file a second amended complaint (the "Proposed Second Amended Complaint"), which it has submitted along with its motion.  For the reasons discussed below, that motion is granted.

### *Factual Background*

The relevant facts and provisions of the Management Agreement are set forth in detail in the Court's prior decision.[2]  Relevant to this motion, Section 15 of the Management Agreement allowed Two Harbors to terminate for cause only if PRCM had materially breached the agreement or engaged in gross negligence.[3]  It required also that Two Harbors provide PRCM with notice and an opportunity to cure any purported breach before terminating the Management Agreement.[4]

---

[1]   Proposed Second Amended Complaint [Dkt. 68-1] (hereinafter "PSAC") at ¶ 4.

[2]   *See PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-cv-5649 (LAK), 2021 WL 2582132 (S.D.N.Y. June 23, 2021).

[3]   Management Agreement [Dkt. 36-3] at § 15(a).

[4]   *Id.*

On July 15, 2020, Two Harbors sent PRCM a notice of termination (the "Notice of Termination"), which purported to terminate the Management Agreement for cause based on a list of incurable material breaches or events of gross negligence.[5] In a subsequent letter, Two Harbors informed PRCM of an additional purported cause for termination.[6]

At a high level, the first five purported causes for termination relate to employment agreements and compensation for executives retained by PRCM.[7] The sixth purported cause for termination relates to conduct by PRCM's partners, which Two Harbors claims caused it reputational harm.[8] The seventh and eighth purported causes for termination relate to PRCM's communications with Two Harbors and its personnel after Two Harbors decided to terminate the Management Agreement.[9] Two Harbors did not provide PRCM with notice and an opportunity to cure any of these purported breaches before terminating the Management Agreement.[10]

On July 21, 2020, PRCM sued Two Harbors for wrongfully terminating the Management Agreement, among other causes of action not relevant here. PRCM contends that all of Two Harbors' purported causes for termination were insufficient under section 15 of the

---

[5]     PSAC at ¶ 75.

[6]     *Id.* at ¶ 82.

[7]     *Id.* at ¶¶ 84-88.

[8]     *Id.* at ¶ 89.

[9]     *Id.* at ¶¶ 78, 82.

[10]     *Id.* at ¶ 76.

4

Management Agreement. On June 23, 2021, the Court granted Two Harbors' motion to dismiss that claim.[11] As the Court explained, PRCM had failed to allege that the first six grounds for termination were not incurable material breaches or events of gross negligence.[12] Accordingly, PRCM had not sufficiently claimed that Two Harbors' termination of the Management Agreement was improper.

The Court now considers whether to allow PRCM to amend its allegations. For the reasons discussed below, and because the Proposed Second Amended Complaint remedies the pleading deficiencies raised in the Court's prior decision, that request is granted.

### *Discussion*

#### I.    *Propriety of PRCM's Motion to Amend*

Requests for leave to amend are governed by Federal Rule 15(a). In considering such a request, the Court is mindful of the Supreme Court's instruction that:

> "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[13]

Accordingly, leave to amend is to be freely given "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[11]    *PRCM*, 2021 WL 2582132, at *9.

[12]    *Id*. at 8-9.

[13]    *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (reversing denial of motion to vacate the judgment and amend complaint).

5

opposing party by virtue of allowance of the amendment, [or] futility of amendment."[14]

Notwithstanding this directive, Two Harbors claims that PRCM may not amend its complaint because the Court previously denied PRCM's claim for improper termination without granting leave to amend. However, Two Harbors overstates the implications of that decision. The Court did not grant leave to amend the improper termination claim because PRCM did not request that it do so.[15]  However, PRCM was not require to "seek leave to replead . . . together with [its] response to the motion to dismiss."[16]  Instead, the Court may properly consider PRCM's request to amend at this juncture.

In addition, to the extent the Court's prior decision was unclear, the Court now clarifies that the dismissal of PRCM's improper termination claim was without prejudice to seeking leave to amend.  Accordingly, that decision is not determinative of the current motion.

Furthermore, the Court is satisfied, substantially for the reasons explained in PRCM's memorandum of law and reply brief, that PRCM's request to amend is not made in bad faith or to delay this litigation.[17]  The motion to amend therefore would be meritorious provided the proposed amendment would not be futile.

---

[14]

 *Id.*

[15]

 The Court had no reason to grant relief that was not requested. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (describing "the contention that 'the District Court abused its discretion in not permitting an amendment that was never requested' as 'frivolous.'" (*quoting Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) (per curiam)).

[16]

 *Id.* at 214.

[17]

 *See* Dkt. 67, 83.

## II.   *Alleged Futility of the Proposed Second Amended Complaint*

"'Proposed amendments are futile,'... 'if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'"[18]   In assessing whether the Proposed Second Amended Complaint states a legally sufficient claim under Rule 12(b)(6), the Court considers whether it alleges "enough facts to state a claim to relief that is plausible on its face."[19]   The Court accepts as true all factual allegations and draws all reasonable inferences in the plaintiffs' favor.[20]

Here, to state a sufficient claim for improper termination, PRCM must allege plausibly that Two Harbors was not entitled to avail itself of the termination provision in Section 15 of the Management Agreement.   That is, that PRCM's conduct was not grossly negligent or an incurable material breach of the Management Agreement.[21]   However, "just as it is difficult to *prove* a negative, it is difficult to allege facts that would plausibly indicate a negative."[22]   Accordingly, all

---

[18]   *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 252 (2d Cir. 2017) (*quoting Thea v. Kleinhandler*, 807 F.3d 492, 496-7 (2d Cir. 2015)).

[19]   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[20]   *ATSI Commc'ns. Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

The parties dispute whether the Court may consider various documents submitted by Two Harbors.  However, the Court does not reach this issue because the documents cited by Two Harbors either do not establish, as a matter of law, that PRCM's allegations are false or are otherwise irrelevant to the Court's decision.

[21]   *See PRCM*, 2021 WL 2582132, at *6 (*quoting Jill Stuart (Asia) LLC v. Sanei Int'l Co.*, 548 F. App'x 20, 22 (2d Cir. 2013)).

[22]   *Bensch v. Est. of Umar*, 2 F.4th 70, 79 (2d Cir. 2021).

that is required at this stage is that PRCM allege facts "sufficient to render a claim of lack of [gross negligence or an incurable material breach] plausible."[23]  "[T]he plausibility standard does not require that a plaintiff plead every factual detail relevant to liability, or allege facts that, if proved to the factfinder's satisfaction, would rule out every possible defense to his claim."[24]  "It is sufficient for the pleading to contain sufficient factual allegations to 'nudge[ ] [plaintiffs'] claims across the line from conceivable to plausible.'"[25]  The Proposed Second Amended Complaint does just that.

A.    *Employment and Compensation Matters*

Two Harbors' first five grounds for termination relate to certain executives' employment agreements and compensation.  Relevant here, the Management Agreement required PRCM to provide Two Harbors with a "management team, including a Chief Executive Officer, President, Chief Financial Officer, Chief Information Officer, and other support personnel."[26]  In addition, Section 9 of the Management Agreement provided that "[t]he Manager shall be responsible for the compensation paid by the Manager to its personnel serving as the Company's Chief Executive Officer, President, and Chief Investment Officer and the Manager's investment professionals."[27]

First, the Proposed Second Amended Complaint alleges adequately that PRCM was

---

23

*Id.* at 80.

24

*Id.*

25

*Id.* (*quoting Twombly*, 550 U.S. at 570).

26

Management Agreement at § 3.

27

*Id.* at § 9.

not grossly negligent in fulfilling these obligations.  As the Court explained in its prior decision, gross negligence constitutes "conduct [that] evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing."[28]  "Recklessness in the context of gross negligence refers to 'conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care.'"[29]

The Proposed Second Amended Complaint states that PRCM provided Two Harbors with a management team and compensated those executives as required by the Management Agreement.[30]  It alleges also that the employment and compensation terms raised in Two Harbors' Notice of Termination were "commercially reasonable" and "common practice" for "externally managed mortgage REITs and in the financial services industry."[31]  These allegations indicated that PRCM's conduct was not "highly unreasonable" or "an extreme departure from the standards of ordinary care.'"[32]  Accordingly, the Proposed Second Amended Complaint claims sufficiently that Two Harbors was not justified in terminating the Management Agreement based on PRCM's purported gross negligence.

In addition, the Proposed Second Amended Complaint alleges adequately that these

---

[28]

  *PRCM*, 2021 WL 2582132, at *8 (*quoting Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 61 (2d Cir. 2012) (citation omitted)).

[29]

  *Id.* (quoting *AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 454 (2d Cir. 2009) (citation omitted)).

[30]

  *See e.g.*, PSAC at ¶ 84(b)(i).

[31]

  *Id.* at ¶¶ 84(d), 85(c), 86(d), 87(c), 88(d).

[32]

  *AMW Materials*, 584 F.3d at 454.

compensation and employment matters were not incurable material breaches of the Management Agreement.  The Court previously explained that "[u]nder New York law, for a breach of a contract to be material, it must 'go to the root of the agreement between the parties.'"[33]  "Accordingly, '[t]here is no material breach if the effect of the alleged breaching action on the contract as whole is negligible.'"[34]  In addition, even if PRCM materially breached the Management Agreement, it was entitled to an opportunity to cure any such breach unless the "misfeasance is incurable" or "the cure is unfeasible."[35]

The Proposed Second Amended Complaint alleges that PRCM fully performed its responsibilities under the Management Agreement.  In particular, it asserts that the personnel provided to manage Two Harbors fully performed their responsibilities notwithstanding any of the employment or compensation terms listed in the Notice of Termination.[36]  These allegations sufficiently indicate that these employment matters did not impact the "root" of the Management Agreement.

---

[33]

PRCM, 2021 WL 2582132, at *8 (quoting Frank Felix Assocs., Ltd. v. Austin Drugs, Inc., 111 F.3d 284, 289 (2d Cir. 1997) (quoting Septembertide Pub., B.V. v. Stein and Day, Inc., 884 F.2d 675, 678 (2d Cir. 1989))).

[34]

Id. (quoting 28 N.Y. Prac., Contract Law § 17:11).

[35]

Needham v. Candie's, Inc., No. 01-cv-7184 (LTS), 2002 WL 1896892, at *4 (S.D.N.Y. Aug. 19, 2002), aff'd, 65 Fed.Appx. 339 (2d Cir. 2003) (internal citations omitted).

While the Court noted previously that "both parties agree that th[e] requirement [to provide an opportunity to cure] does not apply here because Two Harbors claimed that the purported causes for termination are all incurable breaches or events of gross negligence,"PRCM, 2021 WL 2582132, at *7 n. 83, PRCM now seeks to amend its complaint to allege that the purported breaches were not incurable.

[36]

PSAC at ¶¶ 84(b)(i), 84(c), 85(a)(i), 85(b), 86(b)(i), 87(a)(i), 88(b)(i).

In addition, the Proposed Second Amended Complaint alleges facts particular to each of the employment matters raised in the Notice of Termination. As discussed below, these facts, along with the allegations described above, indicate that the employment and compensation matters were not incurable material breaches of the Management Agreement. The Court discusses each ground for termination in turn.

### i.    *The First Ground*

Two Harbors purported to terminate the Management Agreement because:

> "In 2013 Pine River entered into what it has described as 'residual sharing agreement[s]' with certain [Two Harbors] executives whereby Pine River reduced the compensation that it paid to those [Two Harbors] executives based on equity compensation that those executives received pursuant to [Two Harbors'] equity compensation plan. The 'residual sharing agreement[s]', pursuant to which Pine River realized a cash benefit of approximately $10.3 million, were not disclosed to [Two Harbors'] Board of Directors until November 2019, despite [Two Harbors'] Compensation Committee requesting all information relating to compensation arrangements between [Two Harbors'] executives and Pine River and Pine River informing the Compensation Committee in February 2019 that all such information had been provided."[37]

According to the Proposed Second Amended Complaint, PRCM did not materially breach the Management Agreement by entering into these "residual sharing agreements" because it nonetheless compensated all executives and personnel as required by the Management Agreement.[38] Critically, it explains that Two Harbors independently created an equity compensation plan to

---

[37]      PSAC at ¶ 84.

[38]      *Id.* at ¶ 84(b)(i).

incentivize executives and align their interests with Two Harbors' performance.[39] PRCM claims that what Two Harbors describes as "residual sharing agreements" was merely a process by which it considered that equity compensation plan when calculating bonuses for Two Harbors' executives – a process over which PRCM allegedly had full discretion.[40]  Based on these allegations, PRCM alleges plausibly that the "residual sharing agreements" did not cause Two Harbors any financial harm or require it to make any payments not provided for in the Management Agreement.  The Proposed Second Amended Complaint therefore alleges sufficiently that the "residual sharing agreements" did not materially breach the Management Agreement.

In addition, PRCM alleges adequately that it did not materially breach the Management Agreement by failing to disclose the "residual sharing agreements" to Two Harbors' board of directors.  First, PRCM alleges that there was "no affirmative duty or obligation under the Management Agreement to disclose" these terms.[41]  While Two Harbors did request  a "summary of the economic arrangements" between PRCM and Two Harbors' executives in February 2019,[42] the Proposed Second Amended Complaint explains that the "residual sharing agreements" were a

---

39

       *Id.* at ¶ 84(b)(ii).

40

       *Id.* at ¶ 84(a), 84(b)(iv).

41

       *Id.* at ¶ 84(b)(v).

       Two Harbors argues that PRCM's assertion that the Management Agreement did not require disclosure of employment terms is a legal conclusion that the Court should not credit. Opp. Br. [Dkt. 72] at 21.  However, Two Harbors does not point to any provision in the Management Agreement that imposes such a requirement and the Court is aware of none.

42

       PSAC at ¶ 84(b)(v).

*process* used to calculate the executives' compensation, not an *arrangement*, as requested by Two

Harbors' board.[43]  Whether that process should have been disclosed as an "economic arrangement"

is a factual issue that cannot be determined at this stage.   Furthermore, the Proposed Second

Amended Complaint alleges that PRCM promptly disclosed this process when Two Harbors'

specifically asked for that information.[44]   Accordingly, it alleges adequately that PRCM did not

breach the Management Agreement by failing to disclose the "residual sharing agreements."

        In the alternative, the Proposed Second Amended Complaint alleges that any breach

of the Management Agreement arising from the "residual sharing agreements" was curable because

PRCM could have changed its method of calculating compensation or made any necessary monetary

payments.[45]  The Court agrees.  While Two Harbors characterizes the "residual sharing agreements"

as incurable betrayals that "undermined the entire relationship between Two Harbors and PRCM,"[46]

that argument is refuted by the allegations in the Proposed Second Amended Complaint.   PRCM

alleges that the "residual sharing agreements" were commercially reasonable and did not harm or

impact Two Harbors.   The Court therefore cannot reasonably accept, as a matter of law, Two

Harbors' contention that the "residual sharing agreements" destroyed its trust in PRCM.  Instead, the

proposed allegations indicate that any breach caused by the "residual sharing agreements" could have

been cured.   Accordingly, the Proposed Second Amended Complaint alleges adequately that Two

---

[43]

     *Id.* at ¶ 84(a).

[44]

     *Id.* at ¶ 84(b)(v).

[45]

     *Id.* at ¶¶ 84(e).

[46]

     Opp. Br. at 23.

Harbors breached the Management Agreement by failing to provide PRCM with an opportunity to do so.

Based on the forgoing, the Proposed Second Amended Complaint claims plausibly that the first ground for termination was not a proper basis to terminate the Management Agreement.

### ii.    The Second Ground

Two Harbors' Notice of Termination claimed also that PRCM materially breached the Management Agreement because:

> "Since at least 2014, [PRCM's] partners serving as [Two Harbors] executives have been subject to certain noncompetition and other restrictive covenants in connection with the Pine River Holdings L.P. Agreement of Limited Partnership. Those noncompetition and other restrictive covenants, which restrict the individuals subject to them from continuing to provide services to [Two Harbors] in the event that the Management Agreement is not renewed or is terminated, were not disclosed to [Two Harbors'] Board of Directors until December 2019."[47]

As noted above, the Proposed Second Amended Complaint alleges that the non-compete provisions never impacted Two Harbors' executives' performance in managing Two Harbors. In addition, to the extent that the non-competes created a conflict of interest in considering whether to terminate the Management Agreement, Two Harbors nevertheless was obliged to allow PRCM to revise or eliminate these non-compete provisions before terminating the Management Agreement.[48] Two Harbors' characterization of these non-compete provisions as an irreparable violation of trust is just that – a characterization. As noted above, PRCM alleges that these

---

[47]     PSAC at ¶ 85.

[48]     *Id.* at ¶ 85(d).

provisions were commercially reasonable and did not impact its performance under the Management Agreement.  Two Harbors may be unhappy about the non-compete provisions, but according to PRCM's allegations, a trier of fact reasonably could conclude that the existence of non-compete provisions would not destroy Two Harbors' trust in PRCM.  The Proposed Second Amended Complaint therefore alleges sufficiently that the non-compete provisions were not an incurable material breach of the Management Agreement.

In addition, the Proposed Second Amended Complaint alleges that PRCM was not required to inform Two Harbors' board of directors about these provisions.[49]  Furthermore, it alleges that PRCM did disclose these terms once Two Harbors' board of directors requested that it do so.[50]  Based on those allegations, any initial non-disclosure did not materially breach the Management Agreement.

For each of these reasons, the Proposed Second Amended Complaint claims plausibly that Two Harbors could not properly terminate the Management Agreement based on the second ground for termination.

### iii.    The Third Ground

Two Harbors sought to terminate the Management Agreement also because of terms and covenants in employment agreements that PRCM entered into with executives of Granite

---

[49]    *Id.* at ¶ 85(a)(iii).

[50]    *Id.*

Mortgage Trust, Inc. ("Granite Point") – an entity that was spun off from Two Harbors in 2017.[51] However, the Proposed Second Amended Complaint explains that these provisions went into effect only *after* Granite Point was spun off from Two Harbors.[52]  Those allegations are sufficient to claim that those employment terms did not impact PRCM's performance under the Management Agreement.

In addition, PRCM alleges adequately that it did not breach the Management Agreement by failing to disclose the terms in these agreements because it was not required to disclose "[e]mployment agreements that would go into effect only after a spinoff."[53]  Finally, it alleges that even if any of these employment terms breached the Management Agreement, Two Harbors nevertheless breached the Management Agreement by failing to provide it with an opportunity to revise the employment agreements.[54]

These allegations are sufficient to claim plausibly that the third ground in Two Harbors' Notice of Termination was not a proper basis to terminate the Management Agreement.

### iv.     *The Fourth and Fifth Ground*

Finally, the fourth and fifth alleged causes for termination relate to employment terms

---

[51]
 *Id.* at ¶ 86.

[52]
 *Id.* at ¶ 86(c).

[53]
 *Id.* at ¶ 86(a).

[54]
 *Id.* at ¶ 86(e).

 The Court disagrees with Two Harbors' contention that this was an incurable breach of trust substantially for the reasons discussed with regard to the first two grounds for termination.

that PRCM "sought to" enter into or "attempted to negotiate" with Two Harbors' executives.[55] PRCM asserts that these provisions never were executed and never went into effect.[56] Accordingly, it claims plausibly that these efforts never impacted PRCM's performance under the Management Agreement and never harmed Two Harbors. That is sufficient to claim that these purported causes for termination were not a proper basis to terminate the Management Agreement.

### B.    Reputational Harm

The sixth purported cause for termination is based on conduct by PRCM's partners that Two Harbors claims caused it reputational harm. The Notice of Termination pointed to a specific incident as an example of such conduct.[57] In its first amended complaint, PRCM alleged that the referenced incident was based on unfounded allegations and was resolved amicably.[58] Based on those allegations, the Court stated that PRCM's "allegations support its assertion that Two Harbors was not harmed by this particular incident."[59] However, the Court explained that "Two Harbors' notice of termination pointed to this incident only as an example of 'certain conduct' by PRCM's partners" and PRCM had not "allege[d] that its partners were not involved in any other

---

[55]    Id. at ¶¶ 87, 88.

[56]    Id. at ¶¶ 87(a)(ii), 88(a).

[57]    Id. at ¶¶ 89(b)(ii)-(iii).

[58]    Amended Complaint [Dkt. 28] at ¶ 77.

[59]    PRCM, 2021 WL 2582132, at *9.

incidents that may have caused reputational harm."[60]   Accordingly, it concluded that PRCM's allegations were insufficient.

The Proposed Second Amended Complaint has cured that deficiency.  It alleges that PRCM's partners did not engage in *any* conduct that would have caused Two Harbors reputational harm – an allegation that Two Harbors does not currently dispute.[61]  Two Harbors instead argues that the Management Agreement was breached simply because *allegations* of wrongdoing were raised against PRCM's partners.[62]   However, PRCM alleges that the allegations were resolved "confidentially long ago with no lawsuit ever filed."[63]  Given that the Proposed Second Amended Complaint claims plausibly that the allegations never became public, the Court cannot accept Two Harbors' contention that these allegations risked damaging its reputation.  Largely for the same reason, the fact that allegedly unfounded allegations were made against PRCM's partners does not establish – at least at this pleading stage – that PRCM's partners were grossly negligent.

Finally, Two Harbors contends that the employment and compensation terms listed in the first five causes for termination also caused it reputation harm that warranted terminating the Management Agreement.[64]  However, Two Harbors does not explain how those employment and compensation terms impacted its reputation.  As noted above, PRCM alleges that those terms were

---

[60]      *Id.*

[61]      PSAC at ¶ 89(a).

[62]      Opp. Br. at 34.

[63]      PSAC at ¶ 89(b)(ii).

[64]      Opp. Br. at 33.

commercially reasonable and did not cause Two Harbors any financial harm. The Court cannot conclude that Two Harbors' reputation was impacted by allegedly benign employment and compensation matters.

*          *          *

Accordingly, the allegations in the Proposed Second Amended Complaint are sufficient to claim plausibly that none of the conduct described in Two Harbors' Notice of Termination was an incurable material breach or an act of gross negligence sufficient to justify terminating the Management Agreement for cause. In light of that conclusion, the proposed amendments state a claim for improper termination of the Management Agreement. Rule 15(a) dictates that PRCM have an opportunity to test this claim on the merits.

*Conclusion*

For the forgoing reasons, plaintiffs' motion to file a second amended complaint [Dkt. 66] is granted.   The Second Amended Complaint is deemed served as of this date.

SO ORDERED.

Dated: October 18, 2021

Lewis A. Kaplan
United States District Judge