UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/22
```

PRCM ADVISERS LLC, PINE RIVER
CAPITAL MANAGEMENT L.P., and PINE
RIVER DOMESTIC MANAGEMENT L.P.,

        Plaintiffs,

v.

TWO HARBORS INVESTMENT CORP.,

        Defendant.

Case No. 1:20-cv-05649-LAK

[~~PROPOSED~~] PROTECTIVE ORDER

To protect confidential, personal, business, and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order (the "Order") pursuant to Federal Rule of Civil Procedure 26(c), which binds all parties and counsel of record in the above-captioned action (the "Action"):

I.    Information That May Be Designated Confidential and/or Highly Confidential – Attorneys' Eyes Only

1.    The term "Information" as used herein shall include any document as that term is defined in Local Civil Rule 26.3, including, without limitation, electronic or computerized data compilations, deposition testimony, deposition exhibits, interrogatory responses, responses to requests for admission, or any other material or information disclosed or produced by or on behalf of a party (or any of its attorneys or agents), or by or on behalf of a non-party (or any of its attorneys or agents), and all information derived therefrom.

2.    "Confidential" Information includes, but is not limited to, Information that:

    a.    contains competitively sensitive technical, marketing, financial, sales, or other confidential business information, including, without limitation, non-public

information relating to past, current, or potential future customers or competitors;

   b. contains private or confidential personal or financial information, including, without limitation, individuals' family, financial, medical, or personnel records;

   c. contains information received in confidence from non-parties; or

   d. the producing person otherwise believes in good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)(1)(G) or applicable case law.

  3. "Highly Confidential – Attorneys' Eyes Only" Information shall include Confidential Information that contains highly sensitive business or personal information that a party believes is so sensitive that its dissemination deserves even further limitation and that contains:

   a. confidential and proprietary, current or prospective business plans, market analysis, or internal strategy or proprietary planning processes that postdate August 14, 2020; or

   b. confidential and proprietary computer software, financial models, trading strategies, or source code[1] that (i) are not generally known or available to the public and that derive economic value from not being generally known or available to the public

---

[1] "Source code" means computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes source code, object code (*i.e.*, computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code in C, C++, BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, VHDL, Verilog, other HDL formats, and any other human readable text programming languages.

2

and (ii) were created after August 14, 2020.

4. Any copies or reproductions, excerpts, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall also be treated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, respectively, pursuant to this Order.

II. Designation of Discovery Materials

5. A party or non-party individual or entity producing Information in this Action (together with its affiliates, the "Producing Person") to another party (together with its affiliates, the "Receiving Party") may designate such Information, or a portion thereof, as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within the meaning of this Order.

6. Information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by a non-party Producing Person is assigned the same protection as Information designated by a party Producing Person, and all duties applicable to a party shall apply to a non-party designating Information "Confidential" or "Highly Confidential – Attorneys' Eyes Only." All obligations applicable to a party receiving such Information from another party shall apply to any party receiving such Information from a non-party.

7. Information shall be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" only if the Producing Person has a reasonable, good-faith belief that the Information so designated is confidential within the meaning of Federal Rule of Civil Procedure 26(c) and/or as further defined herein.

8. Any Information that is to be designated "Confidential" or "Highly

3

Confidential – Attorneys' Eyes Only" may be so designated by the Producing Person by providing copies of the Information so designated, stamped, or electronically tagged (including by means set forth in the Stipulation Regarding the Production and Discovery of Electronically Stored Information entered in the Action) with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER". Information stamped or designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER," shall be treated as such, for the purposes of this Order. To the extent a Producing Person makes documents available for inspection and copying prior to a confidentiality designation of the documents, such materials shall be treated as Highly Confidential – Attorneys' Eyes Only until such time as they are produced and assigned confidentiality designations in accordance with this Order.

9. If Confidential Information or Highly Confidential – Attorneys' Eyes Only Information (together, "Designated Information") is disclosed to any person other than in the manner authorized by this Order, the party or non-party responsible for the disclosure shall, upon learning of such disclosure, as soon as is reasonably possible (but in no event more than five business days after learning of such disclosure) inform the Producing Person of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

10. Failure to designate Information as Confidential or Highly Confidential – Attorneys' Eyes Only shall not be deemed a waiver of the Producing Person's claim of confidentiality or any applicable privilege or protection as to such Information or as to the subject matter of such Information, and the Producing Person may thereafter designate such

Information as Confidential or Highly Confidential – Attorneys' Eyes Only.

11. In the event that a Producing Person produces two or more identical or substantially identical copies of a document or other Information, and any copy is designated Confidential or Highly Confidential – Attorneys' Eyes Only while other copies are not so designated, all such identical or substantially identical documents or other Information shall be treated in conformity with the highest level of designation provided once notice is given of the inconsistent designation. The Producing Person shall be responsible for giving notice of the inconsistent designation.

12. A party serving a discovery request on any non-party in this Action shall simultaneously serve a copy of this Order.

13. Deposition testimony and the transcript and video recordings of depositions and/or the exhibits thereto, conducted during pretrial discovery, shall be treated as Highly Confidential – Attorneys' Eyes Only for a period of 30 days, or for as many days as the parties shall agree, after receipt of such deposition transcripts and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or its counsel, to notify all parties of any Designated Information. Such Designated Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order. Such Designated Information may also be designated at the deposition by making a statement for inclusion in the deposition transcripts.

III. Procedures Concerning Inadvertent Disclosure

14. Inadvertent disclosure of any Information shall not be deemed a waiver of the Producing Person's claim of confidentiality or any applicable privilege or protection as to such Information or as to the subject matter of such Information.

5

15. Inadvertent disclosure of any Information produced in response to a discovery request in this Action that a Producing Person later claims should have been withheld on grounds of privilege or protection including, inter alia, the attorney-client privilege or attorney work product doctrine (collectively referred to hereinafter as "Inadvertently Disclosed Information"), will not be deemed to waive any privilege or protection as to the Information itself or the subject matter of that Information. The procedure for handling Inadvertently Disclosed Information shall be as follows:

    a. A Producing Person may request the return of Inadvertently Disclosed Information by giving notice to each party to which it produced such Information identifying such Information and stating the basis for the claim of privilege or protection ("Notice of Recall").

    b. A Producing Person shall issue its Notice of Recall within five business days of the discovery of the inadvertent disclosure.

    c. In the event that only part of the Inadvertently Disclosed Information is claimed to be privileged or protected, the Producing Person asserting inadvertent disclosure shall furnish to the parties to which it produced the Inadvertently Disclosed Information a redacted copy of such Information, removing only the part(s) thereof claimed to be privileged or protected, within seven business days of such written notice.

    d. When a Producing Person gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

    e. Within five business days of receipt of the Notice of Recall, a party

6

contesting application of the privilege or protection must give written notice to the Producing Person that the party is contesting privilege or protection.

  f. Within five business days of giving notice that the party is contesting privilege or protection, or some other date as may be mutually agreed upon between the parties, the Producing Person and the party contesting the application of the privilege or protection shall meet and confer regarding the privilege or protection claim.

  g. If, after compliance with the foregoing steps (a) through (f), a party contesting application of the privilege or protection concludes that it still disputes the validity of the claim of privilege or protection, it may bring the matter to the Court's attention under the Court's Individual Rules of Practice within (i) five business days after the meet and confer; or (ii) 10 business days after a party's request for a meet and confer, in the case that the meet and confer does not timely occur; or (iii) such other time period as to which the applicable parties and/or non-parties have agreed in writing; or (iv) such time required pursuant to a Court order.

  h. If the recall of the Inadvertently Disclosed Information is made during the taking of a deposition or no more than five business days before the occurrence of a deposition, the examining counsel, defending counsel, and counsel for the Producing Person shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances. In the event the parties cannot agree to the appropriate steps under the circumstances, the Inadvertently Disclosed Information shall not be used at the deposition. In the event the claim of privilege or protection is withdrawn or the Court determines the Inadvertently Disclosed Information not to be subject to a valid claim of privilege or protection after the deposition has concluded, if examining counsel and defending

7

counsel do not agree otherwise, the deposition shall be reopened, limited to questioning related to the Inadvertently Disclosed Information, and the Court shall determine whether any additional remedy is appropriate.

        i.        The terms of this Paragraph 16 shall not be deemed a waiver of a party's right to challenge the Producing Person's designation of Information as privileged or protected (provided, however, that any such challenge to the designation may only be made following the return to the Producing Person or destruction of such identified Information based on commercially reasonable efforts).  Additionally, neither inadvertent disclosure of any Information that is subsequently retrieved pursuant to this Paragraph 16 nor any alleged delay or alleged lack of timeliness in the retrieval shall be deemed to be a waiver of, or estoppel as to, any claim of privilege or protection or right to designate the Information Confidential or Highly Confidential – Attorneys' Eyes Only asserted by the Producing Person.

        j.        No party moving the Court for an Order compelling production of the Inadvertently Disclosed Information shall assert as ground for entering such an Order that the Producing Person waived any privilege or protection or the right to designate the Information Confidential or Highly Confidential – Attorneys' Eyes Only because of the inadvertent disclosure.

        16.        A Producing Person that has inadvertently produced Designated Information without designating it as Confidential or Highly Confidential – Attorneys' Eyes Only may at any time prior to fact discovery cutoff in this Action (should one be imposed) re-designate such Information.  Any person receiving re-designated Information shall make a reasonable, good-faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformity with any

such re-designation. Persons who obtain access to such Information prior to its re-designation shall, from the time of notice to them of the Information's re-designation, restrict their review or use of that Information in accordance with the terms of this Order. Additionally, neither disclosure of any Information that is subsequently re-designated pursuant to this Paragraph nor any alleged delay or alleged lack of timeliness in the re-designation shall be deemed to be a waiver of, or estoppel as to, any claim that the Designated Information reflects trade secrets or any other type of confidential information.

IV. Permissible Uses of Discovery

17. All Designated Information, that is produced or exchanged in the course of this Action (other than Information that is publicly available) shall be used by the party or parties to whom the Information is produced solely for the purpose of this Action.

18. Nothing herein shall impose any restrictions on the use or disclosure by a party, non-party, or witness of documents, materials, or information obtained by such party, non-party, or witness independently of the discovery proceedings in this Action, whether or not such documents, materials, or information are also obtained through discovery proceedings in this Action.

19. Confidential Information, except with the prior consent of the Producing Person or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

    a. the Court, any appellate court, and any mediator or arbitrator engaged by the parties to this Action or appointed by the Court;

    b. outside counsel for parties in this litigation or for any director, officer, or employee of any party, regardless of whether they appear (provided that they execute the

9

Certification if they have not made an appearance), and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist outside counsel in this litigation;

  c. outside experts, consultants, and/or litigation support vendors or services, including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, who are expressly retained to assist counsel for a party (collectively, "Outside Litigation Assistants"), and provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as "Confidential" by the party responsible for having such report created. No party shall disclose Confidential Information to an expert or consultant pursuant to this Paragraph until the proposed recipient has executed the Certification in the form attached as Exhibit A ("Certification") to the Order;

  d. associated personnel of any person within categories (a) through (c) for whom access to Confidential Information is necessary to assist such persons in this Action, including any Court personnel assisting the Court in this Action, secretarial or other clerical personnel, stenographers, Court reporters, videographers, or other persons who are retained to transcribe or videotape testimony in this Action, and principals and employees of the firm with which consultants or experts are associated;

  e. any person who wrote or received the document designated Confidential;

  f. during their depositions or at a hearing, witnesses in this Action to whom the disclosure is reasonably necessary, consistent with the provisions of Paragraph 24 below;

  g. a party's insurance carrier;

      h.      in-house counsel and legal assistants and other support personnel assisting in-house counsel in this litigation;

      i.      current officers, directors, or employees of a party;

      j.      former officers, directors, or employees of a party, provided they have executed the Certification; and

      k.      a person whose deposition in the Action has been noticed, provided the person has executed the Certification.

20.    Highly Confidential – Attorneys' Eyes Only Information, except with the prior consent of the Producing Person or order of the Court, only may be disclosed to persons falling within categories (a) through (h) in Paragraph 19 above. To the extent the Highly Confidential – Attorneys' Eyes Only Information was previously in the possession of or known to the Receiving Party, it may also be disclosed to persons falling within categories (i) through (k) in Paragraph 19 above.

21.    Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Designated Information in the course of a deposition or hearing provided that, prior to any examination of a witness with respect to such Designated Information, the witness is furnished with a copy of this Order and has executed a copy of the Certification attached to the Order. Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain his or her execution of the Certification. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the Certification, the admonition in the immediately preceding

sentence shall serve as a substitute for the execution of the Certification and shall be sufficient to allow for examination of the witness as to Designated Information. A copy of this Order (including a copy of the Certification) shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other Information produced in response to the subpoena.

22. Persons described in Paragraph 19(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing Designated Information to a person described in Paragraph 19(c) (or associated personnel) or 19(e) or 19(g) must first: (i) advise the recipient that the Information is Confidential or Highly Confidential – Attorneys' Eyes Only and may only be used in connection with this Action; (ii) provide the recipient with a copy of this Order; and (iii) obtain the recipient's execution of a signed Certification.

23. Nothing in this Order shall prevent any counsel from advising his or her client concerning this Action and, in the course of providing such advice, from referring to Designated Information, so long as he or she does not disclose its specific contents to the extent not permitted by this Order.

24. Nothing in this Order shall prevent the Producing Person from using the Designated Information that they produced in any way that they so choose, subject to otherwise applicable principles of law.

25. Each party receiving Designated Information shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734.2(b).

V. Challenges to Designations

26. If any party disagrees with the designation by the Producing Person of any

Information as Confidential or Highly Confidential – Attorneys' Eyes Only, that party shall first meet and confer with the Producing Person regarding the designation. If no resolution is reached, the disputing party may seek appropriate relief by motion under the Court's Individual Rules of Practice for discovery disputes. Until the dispute is resolved, the Information shall be treated as Confidential or Highly Confidential – Attorneys' Eyes Only, respectively, pursuant to the terms of this Order. The Producing Person bears the burden of persuading the Court that the Information is in fact Confidential, or Highly Confidential – Attorneys' Eyes Only, within the definitions of those terms set forth above and that there is good cause for such protection. Information shall not be entitled to a Confidential or Highly Confidential – Attorneys' Eyes Only designation where such material was in the public domain at the time of, or has become public since, its designation, so long as the Information did not become public in violation of this Order.

## VI. Efforts by Non-Parties To Obtain Designated Information

27. If any party has obtained Designated Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Designated Information, except as otherwise provided by law, such party shall notify the Producing Person as soon as practicable but in no event later than five business days following receipt of the subpoena or other compulsory process, including in such notice the date set for the production of such Information, so that the Producing Person may file a motion for a protective order to quash the subpoena or other compulsory process. In the event that the Producing Person files such a motion, the party that received the subpoena or other compulsory process shall not produce any Designated Information in response thereto without the prior written consent of the Producing Person, unless in response to an order of a court of

competent jurisdiction.

28. Except as otherwise provided by law, the parties will not object to a non-party Producing Person having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Designated Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

VII. <u>Procedures Concerning Third-Party Materials</u>

29. To the extent a party or non-party is required to produce Information that is covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production of such Third-Party Materials, the Producing Person must, within 10 days of becoming aware that a discovery request seeks production of Third-Party Materials, initiate the steps necessary to comply with any applicable pre-production notice requirements ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials, the Producing Person shall promptly produce such Third-Party Materials. The parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights in the production of this material.

30. In the event that a Producing Person inadvertently discloses Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Disclosed Third-Party Materials"), the Producing Person may request the return of the Inadvertently Disclosed Third-Party Materials, and the possessing parties shall, within five business days, use commercially reasonable efforts to return or destroy such Inadvertently Disclosed Third-Party Materials. In the event that a possessing party expects to move for an

14

order allowing continued retention and use of the recalled Inadvertently Disclosed Third-Party Materials, the possessing party may retain one copy of such materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Disclosed Third-Party Materials, the Producing Person shall comply with any applicable Third-Party Notice Requirements.

VIII. Filing Under Seal

31. Prior to a Party filing any Designated Information with the Court, that Party shall meet and confer with the Producing Person regarding whether or not the material should be filed under seal. Unless the Producing Person agrees to withdraw the designation of Confidential or Highly Confidential – Attorneys' Eyes Only and permit public filing, the Designated Information must be filed under seal pursuant to the procedures in the Court's Individual Rules of Practice.

32. Designated Information filed with an appellate court shall be filed in conformance with that court's rules for filing documents under seal.

IX. Use of Designated Information at Trial

33. In the event that any Designated Information is used in any pre-trial court hearing or proceeding in this Action, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential – Attorneys' Eyes Only, the parties will meet and confer to resolve such dispute.

34. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Designated Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching such agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Designated Information

15

that may be used or introduced at such trial or hearing.

35. Absent agreement, the Court shall be asked to issue an order governing the use of such Designated Information at trial or hearing upon reasonable notice to all parties and/or non-parties who have produced such information. The Producing Person bears the burden of persuading the Court that the Information is in fact Confidential or Highly Confidential – Attorneys' Eyes Only within the definitions of those terms set forth above and that there is good cause for such protection at trial or hearing.

X. Procedures Upon Termination of Action

36. All provisions of this Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this Action, including settlement or judgment and all appeals, until further order of the Court, unless the parties agree otherwise in writing, and except to the extent necessary for counsel to defend its conduct if such conduct is challenged in a collateral or pending action. Any and all originals and copies of documents or other Information deemed to be Confidential or Highly Confidential – Attorneys' Eyes Only shall, at the request of the Producing Person, be destroyed or (at the expense of the Producing Person) be returned to the Producing Person, within 60 days after a final judgment and all appeals, or settlement of this Action, except that outside counsel for each party (whether or not counsel of record) may maintain in its files copies of each pleading and litigation document filed with the Court, expert disclosures, transcripts and each written discovery request and written response thereto (but not Designated Information produced in response to a request for production of documents, which must be returned to the Producing Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph). If the possessing party elects to destroy the Information rather than return it, the possessing

party shall provide the Producing Person written certification that the destruction has been completed using commercially reasonable efforts. Nothing in this Paragraph shall require any party to destroy attorney work product or attorney-client communication that contains or reflects Designated Information. Nothing in this provision shall limit the right, if any, of any party or non-party to object to, and seek a ruling of the Court concerning, a party's retention of any Information produced or use of Information produced in other litigation. To the extent any person or entity retains copies of Information pursuant to the terms of this Paragraph, such Information shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person or entity of anything contained in or obtained from the Information shall continue even after such Information is returned or destroyed.

XI. <u>Miscellaneous</u>

37. This Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

38. The parties may modify the provisions of the Order at any time, by written stipulation and court order, except the parties and Producing Persons may extend any of the time limits contained herein by written agreement.

39. Agreeing to this Order, producing Designated Information pursuant to this Order, and/or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party or Producing Person that any particular Designated Information contains or reflects or does not contain or reflect trade secrets or any other type of confidential information;

    b. prejudice in any way the rights of any party or Producing Person to

17

object to the production of documents or testimony it considers not subject to discovery;

  c. prejudice in any way the rights of any party or Producing Person to object to the relevance, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

  d. prejudice in any way the rights of any party or Producing Person to seek a determination by the Court whether any Information, whether Confidential or Highly Confidential – Attorneys' Eyes Only or not, should be subject to the terms of this Order;

  e. prejudice in any way the rights of any party or Producing Person to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential – Attorneys' Eyes Only Information;

  f. prejudice in any way the rights of any party or Producing Person to move the Court to broaden or restrict the right of access to and use of particular Information;

  g. prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

  h. be construed as an agreement by any person or entity to produce or supply any document or testimony, or as a waiver by any person or entity of its right to object to the production of any document or testimony, or as a waiver of any claim of privilege or protection with respect to the production of any document or testimony.

40. The provisions of this Order shall not be used as evidence that a party has not taken adequate measures to protect the confidentiality of its trade secrets.

SO ORDERED: ~~[signature line crossed out]~~

Dated: _____, 2022
New York, New York

_____
Hon. Lewis A. Kaplan
United States District Judge

Notwithstanding anything to the contrary herein:

1. Any papers filed under seal in this action shall be made part of the public record on or after 2/7/27, unless the Court otherwise orders.

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: 2/7/22

_____
Lewis A. Kaplan
United States District Judge

19

EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

PRCM ADVISERS LLC, PINE RIVER
CAPITAL MANAGEMENT L.P., and PINE
RIVER DOMESTIC MANAGEMENT L.P.,

      Plaintiffs,

v.

TWO HARBORS INVESTMENT CORP.,

      Defendant.

Case No. 1:20-cv-05649-LAK

---

## CERTIFICATION

I, _____, hereby certify that: (i) I have read the Protective Order governing confidential Designated Information (the "Order") that has been entered by the Court in *PRCM Advisers LLC, et al.,* v. *Two Harbors Investment Corp.*, No. 1:20-CV-05649-LAK (the "Action"), and I understand its terms; (ii) I understand that the Designated Information is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Designated Information and limiting the use of such Information to the conduct of this Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcing the Order.

Dated: _____   Signature: _____