# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRCM ADVISERS LLC, PINE RIVER
CAPITAL MANAGEMENT L.P., and PINE
RIVER DOMESTIC MANAGEMENT L.P.,

    Plaintiffs,

v.

TWO HARBORS INVESTMENT CORP.,

    Defendant.

Case No. 1:20-cv-05649-LAK

---

## PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3, Plaintiffs PRCM Advisers LLC ("PRCM"), Pine River Capital Management L.P. ("Pine River Capital"), Pine River Domestic Management L.P. ("Pine River Domestic") (collectively, "Pine River" or "Plaintiffs"), by and through their undersigned counsel, hereby request that Defendant Two Harbors Investment Corp. ("Two Harbors" or "Defendant"), respond in writing to the following Requests and produce or make available for inspection and copying the documents requested, within thirty (30) days, at the offices of CIRESI CONLIN LLP, 225 SOUTH SIXTH STREET, SUITE 4600, MINNEAPOLIS, MN 55402, or at such other place as is mutually agreed upon.

Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, Defendant is under a duty to supplement its disclosures if it discovers that in some material respect the information disclosed herein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), Defendant is under a duty to seasonably amend its responses to these

discovery requests if it learns that any response given is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to Plaintiffs during the discovery process or in writing.

## I. **DEFINITIONS**

In accordance with Local Civil Rule 26.3, the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) are incorporated by reference herein. In addition, as used herein, the terms listed below are defined as follows:

A. "Action" means the above-caption action, *PRCM Advisers LLC, et. al v. Two Harbors Investment Corp.*, No. 1:20-cv-05649-LAK, pending in the United States District Court for the Southern District of New York.

B. "Board" means the Board of Directors of Two Harbors, including any individual member thereof.

C. "Compensation Committee" means the Compensation Committee of the Board.

D. "Complaint" means the Second Amended Complaint in this Action, deemed served on October 18, 2021.

E. "Counterclaims" means Two Harbors' Answer, Affirmative Defenses, and Counterclaims in this Action, filed on November 17, 2021.

F. "ESI" means electronically stored information, as that term is used in Fed. R. Civ. P. 34(a).

G. "Electronic Media" means any magnetic or other storage media device used to record ESI. Electronic media devices may include computer memories, hard disks, floppy disks, hard drives, memory sticks, CD, CD-ROM, DVD, personal digital assistant devices (*e.g.,*

Blackberry, iPhone or "smart phone" devices), magnetic tapes of all types, microfiche, or any other vehicle for digital data storage and/or transmittal, including any containers or labels appended to, or relating to, any physical storage device associated with each original or copy of such device.

    H.        "Fourth MA Amendment" means the Fourth Amendment to the Management Agreement, dated April 25, 2018.

    I.         "Granite Point" means Granite Point Mortgage Trust Inc.

    J.         "Including" means including, but not limited to.

    K.        "Independent Director" means any person who has served as an Independent Director on the Board from 2009 to present.

    L.        "Intellectual Property" means all work product, documents, code, works of authorship, programs, manuals, developments, processes, formulae, data, specifications, fixtures, tooling, equipment, supplies, processes, inventions, discoveries, improvements, trade secrets, and know-how or similar rights, including the intellectual property identified in paragraphs 34 and 35 of the Complaint, but does not include any rights in trademarks that include the name or logo of Two Harbors Investment Corp. or that of any of its subsidiaries, or any future trademark using the words with a design and/or tagline of Two Harbors, Two Harbors Investment Corp. or that of any of its subsidiaries.

    M.        "Limited Partnership Agreements" means the limited partnership agreements governing Pine River's business, as amended from time to time.

    N.        "LTIP" means Two Harbors' Second Restated 2009 Equity Incentive Plan, or any predecessors or successors thereto.

O.      "Management Agreement" means the Management Agreement dated as of October 28, 2009 by and among Two Harbors, Two Harbors Operating Company LLC, and PRCM, as amended from time to time.

P.      "Pine River Partner" means a limited partner under the Limited Partnership Agreements.

Q.      "SEC" means the United States Securities and Exchange Commission.

R.      "Second MA Amendment" means the Second Amendment to the Management Agreement, dated November 3, 2014.

S.      "State Court Action" means *PRCM Advisers LLC v. Two Harbors Investment Corp.*, Docket No. 652540/2020 in the Supreme Court of the State of New York, County of New York, filed on June 17, 2020 and voluntarily discontinued without prejudice on July 21, 2020.

T.      "Supplemental Notice" means the purported supplemental notice of termination of the Management Agreement that Two Harbors sent to Pine River on August 14, 2020.

U.      "Termination Notice" means the purported notice of termination of the Management Agreement that Two Harbors sent to Pine River on July 15, 2020.

V.      "You" means Two Harbors, its officers, directors, employees, partners, subsidiaries, and affiliates.

## II. INSTRUCTIONS

1.      In producing Documents and other materials, You are requested to furnish all Documents (including ESI) or things (including Electronic Media) in Your possession, custody or control, regardless of whether such Documents or materials are possessed directly by You or

by Your directors (including the Independent Directors), officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, or investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

2. These requests extend to all things within Your actual or constructive possession, custody, or control, or the possession, custody or, control of those acting at Your direction or on Your behalf.

3. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these document requests any Documents that might otherwise be construed to be outside their scope.

4. ESI shall be produced in accordance with the ESI Stipulation entered into by the Parties in this Action.

5. Pursuant to Fed. R. Civ. P. 34(b), Documents shall be produced as they are kept in the usual course of business so that Plaintiffs can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

6. Documents shall be produced in such fashion as to identify the department, branch, or office in whose possession it was located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

7. If no Documents or materials exist which are responsive to a particular request, so state in writing.

8. If any responsive Document was, but is no longer in Your possession or subject to Your control, state whether it (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred to others, voluntarily or involuntarily, or (iv) has been otherwise disposed of, and in

each instance explain the circumstances surrounding, and state the date or approximate date of such disposition.

      9.      Notwithstanding the assertion of any objection to production, any Document as to which an objection is raised but which contains non-objectionable, responsive material must be produced, but that portion of the document as to which the objection is asserted may be withheld or redacted provided that the identifying information in Section III below is furnished.

      10.      If questions arise as to the scope or proper interpretation of these requests, You should consult counsel for Plaintiffs in order to avoid unnecessary disputes or misunderstandings.

### III.    CLAIMS OF PRIVILEGE

Pursuant to Local Civil Rule 26.2, if You refuse to respond to any Document request, or subpart thereof, on the ground of privilege, identify:

1. the nature of the privilege, including work product;
2. if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;
3. with respect to each Document:
   a. the type of Document,
   b. general subject matter of the Document,
   c. the date of the Document,
   d. the author(s) and addressee(s) of the Document and the relationship of the author and the addressee(s) to each other, and
   e. any recipient of the Document; and

    4.    with respect to each oral communication:

        a.    the name of the person making the communication,

        b.    the names of all persons present while the communication was made,

        c.    the relationship of the person present to the person making the communication,

        d.    the date and place of the communication, and

        e.    the general subject matter of the communication.

## IV.   DOCUMENTS REQUESTED

1. All documents and communications concerning the negotiation, drafting, revision, or execution of the Management Agreement and any contemplated, proposed, or executed amendments to the Management Agreement.

2. All documents and communications concerning the indemnification and limitation of liability provisions in Section 11 of the Management Agreement or concerning the Termination Fee in Section 13 of the Management Agreement.

3. All documents and communications concerning the Second MA Amendment.

4. All documents and communications concerning the Fourth MA Amendment.

5. All documents and communications concerning internalizing, or the possibility of internalizing, Two Harbors' management function.

6. All documents and communications concerning the special committee of the Board that was created to review and evaluate the fees and performance of Pine River under the Management Agreement, and to review and evaluate potential transactions including the internalization of management, as described in the letter dated March 14, 2020, from the special committee of the Board to Pine River.

87. All documents and communications concerning the compensation that Pine River paid or allocated to Thomas Siering, William Roth, and any employee of Pine River or Pine River Partner performing investment management functions for Two Harbors, including all spreadsheets used to calculate or describe such compensation.

88. All agendas, handouts, briefing packages, presentations, minutes, notes, communications, drafts, or resolutions concerning meetings of the Board or any committee thereof from 2009 to present, including all drafts thereof, and all notes made by the Independent Directors and other personnel who attended or were invited to attend such meetings.

89. All documents and communications concerning work performed by the Independent Directors on behalf of Two Harbors from 2009 to present.

90. All documents and communications relating to the Board's oversight, review and/or supervision of Pine River, including final and draft versions of any presentations regarding Pine River that were made (or were prepared to be made) to any member of the Board.

91. Documents sufficient to show the employment histories of each of the Independent Directors (including dates of employment, name of employer, title, and job responsibilities) as well as the complete record of service of the Independent Directors on any other board of directors or similar body.

92. All documents and communications concerning Two Harbors' use or disclosure of any Intellectual Property or proprietary material developed in connection with Pine River's performance of the Management Agreement.

122. All documents relied on in drafting the allegations of the Counterclaims or that are referenced in the Counterclaims.

123. All documents Two Harbors intends to rely on at trial.

124. All documents and things that Two Harbors contends supports any of its affirmative defenses in this Action.

125. Documents sufficient to show Two Harbors' policies for the retention, management, and destruction of documents.

Dated: January 24, 2022                     By:   *s/Barry M. Landy*

                                                             Jan M. Conlin *(pro hac vice)*
Barry M. Landy *(pro hac vice)*
Jacob F. Siegel
CIRESI CONLIN LLP
225 S. 6th St., Ste. 4600
Minneapolis, MN 55402
Phone: (612) 361-8200
Fax: (612) 361-8217

Ching-Lee Fukuda
Ketan Patel
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Phone: (212) 839-5300
Fax: (212) 839-5599

Thomas K. Cauley Jr. *(pro hac vice)*
Steven Sexton *(pro hac vice)*
SIDLEY AUSTIN LLP
1 S. Dearborn St
Chicago, IL 60603
Phone: (312) 853-7000
Fax: (312) 853-7036

*Attorneys for Plaintiffs PRCM Advisers LLC, Pine River Capital Management L.P. and Pine River Domestic Management L.P.*

25

## **CERTIFICATE OF SERVICE**

I, hereby certify that on January 24, 2021, I served the foregoing Plaintiffs' First Set of Document Requests to Defendants by email on the following counsel:

Ezekiel L. Hill   ehill@goodwinlaw.com
Richard Mark Strassberg   rstrassberg@goodwinprocter.com
Daniel Prugh Roeser   droeser@goodwinlaw.com

By: *s/Jacob F. Siegel*
Jacob F. Siegel