USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/6/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRCM ADVISERS LLC, et al.,

      Plaintiffs,

-against-

TWO HARBORS INVESTMENT CORP.,

      Defendant.

20-CV-5649 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons stated on the record during today's conference:

    Defendant's motion seeking a protective order regarding its attorney-client privilege claims (Dkt. 129) and plaintiffs' cross-motion to compel production of documents withheld or redacted on the basis of the attorney-client privilege (Dkt. 133) are GRANTED IN PART AND DENIED IN PART. When Two Harbors (through its officers, directors, or other agents) and its counsel (in-house or external) communicated in confidence for the purpose of obtaining or providing legal advice concerning a matter as to which Two Harbors' interests were adverse to those of its external manager Pine River, the fact that one or more of the Two Harbors personnel who participated in or were privy to that communication also served as employees or partners of Pine River (a) did not destroy the privilege as against the world and (b) did not render Pine River a joint privilege holder under the common interest doctrine. Rather, in such circumstances, Two Harbors was the sole holder of the privilege. However, when Two Harbors communicated with its counsel concerning matters as to which it and its external manager had a common legal interest and the communications were made in the course of formulating a common legal strategy, the parties were joint privilege holders under the common interest doctrine, which does not permit either of them to assert the privilege against the other.

    Plaintiff's motion to compel production of non-privileged board materials as specified in document requests No. 88 and 90 (Dkt. 139) is GRANTED IN PART. Two Harbors must produce

all of its non-privileged board books, minutes, and resolutions for all Two Harbors board of directors meetings from 2009 through the termination of the management agreement, as well as the equivalent materials for all meetings of committees of the board over that period. However, Two Harbors need not produce (in response to requests Nos. 88 and 90) drafts of the materials described above, notes made by meeting attendees, or what Pine River vaguely describes as other documents and communications "relating to" the board's oversight, review, and/or supervision of Pine River.

  The Clerk of Court is respectfully directed to close the motions at Dkts. 129 and 139.

Dated: New York, New York
   September 6, 2022

           **SO ORDERED.**

           *[signature]*

           **BARBARA MOSES**
           **United States Magistrate Judge**