MEMO ENDORSED



| | Daniel Roeser<br>+1 212 459 7276<br>DRoeser@goodwinlaw.com | Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018 |
|---|---|---|
| | | goodwinlaw.com<br>+1 212 813 8800 |

September 1, 2022

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-7-22

Motion denied as moot
as indicated on the
record in open court.

**SO ORDERED**

*/s/ Lewis A. Kaplan*

**LEWIS A. KAPLAN, USDJ**

9/7/22

**VIA ECF**

The Honorable Lewis A. Kaplan
U.S. District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   **PRCM Advisers LLC, et al. v. Two Harbors Investment Corp., Case No. 1:20-cv-05649-LAK**

Dear Judge Kaplan:

We represent Defendant Two Harbors Investment Corp. ("Two Harbors") in the above-referenced matter. Pursuant to Local Civil Rule 37.2 and this Court's Individual Practices, we respectfully request that this Court compel Plaintiffs to search all of the e-mails in the personal e-mail accounts of eight members of Plaintiffs' partnership and management – i.e., Mike Nagshineh, Nick Nusbaum, Tim O'Brien, Phil Prince, Paul Richardson, Bill Roth, Tom Siering, and Brian Taylor (the "Pine River Custodians") – using search terms to which the parties previously agreed for the search of e-communications generally (the "agreed-upon search terms") and to produce all non-privileged documents responsive to Two Harbors' document requests. At Plaintiffs' request, Two Harbors already has agreed to do the same with respect to 12 of Two Harbors' independent directors and management; but Plaintiffs refuse to reciprocate.

Plaintiffs seek to limit their search of the Pine River Custodians' personal e-mails – which indisputably contain communications relevant to this litigation – only to those e-mails that include a sender or recipient who is a Pine River or Two Harbors custodian or has a Pine River or Two Harbors work e-mail address. In so doing, Plaintiffs limit their review in large part to e-mails that already have been reviewed and produced and shield other responsive documents from production. There is no basis for Pine River's arbitrary limitation. **First**, the Pine River Custodians used personal e-mails for work purposes and all of those personal e-mails must be searched. **Second**, Plaintiffs have shown no undue burden or other reason that would prevent them from searching all of the Pine River Custodians' personal e-mails. Indeed, Plaintiffs' current position stands in stark contrast to their previous request that Two Harbors search all of the personal e-mails of its independent directors and management, which Two Harbors has agreed to do. This Court should compel Plaintiffs to search all of the e-mails in the personal e-mail accounts of the Pine River Custodians using the agreed-upon search terms.

**I.   Background**

In May 2022, Plaintiffs requested that Two Harbors search the personal e-mails of its independent directors. (E.g., Ex. A at 6.) Specifically, Plaintiffs requested that Two Harbors conduct a "separate and independent collection and search of each director's personal email account using the agreed-upon search terms." (Id.) Two Harbors agreed to do so. Pine River then requested that Two Harbors also search the