

Daniel Roeser
+1 212 459 7276
DRoeser@goodwinlaw.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2022
```

# Memo Endorsed

September 9, 2022

**VIA ECF**
Judge Lewis A. Kaplan
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 21B
New York, NY 10007

**So ordered.**
**/s/ LAK 9/12/2022**

Re:   **PRCM Advisers LLC, et al. v. Two Harbors Investment Corp., Case No. 1:20-cv-05649-LAK**

Dear Judge Kaplan:

We represent Defendant Two Harbors Investment Corp. ("Two Harbors") in the above-referenced matter. Pursuant to Section 2 of Your Honor's Individual Practices, we write regarding the sealed exhibits (i.e., Exhibits 2-4) attached to Plaintiffs' letter to the Court filed September 6, 2022 (ECF No. 167, the "Opposition"). Those exhibits are documents that Two Harbors produced in discovery and designated as confidential pursuant to the Protective Order (ECF No. 105) in this case.

Two Harbors respectfully submits that Exhibits 2-4 should remain under seal. In this Circuit, the presumption of public access to judicial documents may be overcome if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). This Court must "determine the weight" of the presumption, which varies depending on the "role of the material at issue." Id. at 119 (internal quotation marks omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Id. (internal quotation marks omitted); see also Chevron Corp. v. Donziger, 2013 WL 646399, at *13 (S.D.N.Y. Feb. 21, 2013) (Kaplan, J.) (same).

The presumption of public access is overcome for Exhibits 2-4. Exhibits 2-4 are excerpts of testimony given by three of Two Harbors' independent directors to the Securities and Exchange Commission ("SEC") during the SEC's formal investigation. (See ECF No. 89, at 75.) "The so-called 'experience and logic' approach requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." Lugosch, 435 F.3d at 120. Testimony given in connection with SEC proceedings has historically been non-public (17 C.F.R. §§ 203.2, 203.5), and access to transcripts of SEC proceedings does not play a significant positive role in the SEC's function. The SEC itself has stressed the importance of keeping information obtained through its investigations confidential: "All information obtained or generated by SEC staff during investigations or examinations should be presumed confidential and nonpublic unless disclosure has been specifically authorized . . . . Disclosures of such information to members of the general public will normally be made only pursuant to the Freedom of Information Act." SEC Enforcement Manual § 5.1 (Nov. 28, 2017).

For all of these reasons, Two Harbors respectfully requests that this Court permit Plaintiffs' Exhibits 2-4 to remain under seal.

The Honorable Lewis A. Kaplan
Page 2

                                              Respectfully submitted,

                                              <u>*/s/ Daniel Roeser*</u>
                                              Daniel Roeser
                                              **GOODWIN PROCTER LLP**
                                              The New York Times Building
                                              620 Eighth Avenue
                                              New York, NY 10018
                                              212-813-8800
                                              droeser@goodwinlaw.com

cc: Counsel of record via ECF