

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRCM ADVISERS LLC, et al.,

        Plaintiffs,

-against-

TWO HARBORS INVESTMENT CORP.,

        Defendant.

20-CV-5649 (LAK) (BCM)

**SEALING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The parties have filed a number of sealing motions in connection with various discovery motions and responses. The Court considers each of them in turn below.

    <u>Dkts. 181 and 189</u>. At Dkt. 181, plaintiffs (Pine River) requested that portions of its letter-motion at Dkt. 182 (filed publicly in redacted form at Dkt. 183), including portions of Exhibit 2 thereto (Dkt. 182-2), remain under seal until defendant (Two Harbors), whose confidentiality designations were implicated, had an opportunity to file its own sealing motion. At Dkt. 189, Two Harbors requests that the sealed portions of Dkt. 182 remain sealed, because they contain "non-public information about certain file paths and features of Two Harbors' internal computer systems," as well as "information concerning Two Harbors' IT infrastructure, servers, applications, and data," which is also reflected in the redacted portions of the letter, and which "could compromise the security of Two Harbors' computing systems and data" if disclosed. The Court agrees. The motions at Dkts. 181 and 189 are GRANTED.

    <u>Dkt. 185</u>. At Dkt. 185, Two Harbors requests, on its own behalf, that portions of its letter-motion at Dkt. 186 (filed publicly in redacted form at Dkt. 184) remain sealed, specifically, Exhibit 5 to the letter-motion (Dkt. 186-5), which contains "sensitive, non-public information concerning Two Harbors' IT infrastructure, servers, applications, and data that, if disclosed to the public, could

compromise the security of Two Harbors' IT infrastructure, servers, applications, and data." The Court agrees. The motion at Dkt. 185 is GRANTED.

Dkts. 202 and 213. At Dkt. 202, Pine River requested that numerous exhibits to its letter-motion at Dkt. 203 (filed publicly in redacted form at Dkt. 201) remain under seal until Two Harbors, whose privilege designations were implicated, had an opportunity to file its own sealing request. At Dkt. 213, Two Harbors makes a narrower request: that portions of *one* of the currently sealed exhibits (Exhibit 1) remain under seal, specifically, certain documents as to which Two Harbors has made a claim of privilege, as well as its privilege log. The Court agrees as to the arguably privileged documents. A privilege log, however, is not itself privileged. Consequently, the motions at Dkts. 202 and 213 are GRANTED IN PART. Pine River shall refile the letter-motion now at Dkt. 202 in public view except for Exhibit 1 thereto (now filed at Dkt. 203-1), from which the pages bearing the following Bates stamps shall be redacted:

TWOHARBORS_01189407-9409

TWOHARBORS_01189413-9415

TWOHARBORS_0118418-9420

Dkts. 206 and 214. At Dkt. 206, Two Harbors requested that Exhibits A through C to its letter-motion at Dkt. 208 (filed publicly in redacted form at Dkt. 207), as well as the portions of its letter-motion that cite to those exhibits, remain under seal until Pine River, whose confidentiality designations were implicated, had an opportunity to file its own sealing request. At Dkt. 214, Pine River requests that the sealed portions of Dkt. 208 remain sealed, arguing that the information at issue consists of "(1) highly commercially sensitive valuation documents; or (2) scandalous and impertinent allegations about Pine River's CEO's private consensual relationship that bear no relevance to the issues in this case and implicate the privacy interests of a third party

to the litigation." (Dkt. 214 at 1.) The Court agrees. The motions at Dkts. 206 and 214 are GRANTED.

<u>Dkt. 216</u>. At Dkt. 216:

(1) Pine River requests, on its own behalf, that portions of its letter-brief at Dkt. 217 (filed publicly in redacted form at Dkt. 215) remain under seal, specifically, portions of Exhibit 4 thereto (Dkt. 217-4). The material at issue consists of portions of the Aaron Yeary deposition transcript which concern the same "personal and salacious allegations" discussed above. For the reasons there noted, this aspect of the motion at Dkt. 216 is GRANTED.

(2) Additionally, Pine River requested that Exhibit 3 to its letter-brief at Dkt. 217 (Dkt. 217-3) remain under seal until Two Harbors, whose confidentiality designations were implicated, had an opportunity to file its own sealing request. At Dkt. 225, Two Harbors informed the Court that it did not oppose unsealing Exhibit 3. Consequently, this aspect of the motion at Dkt. 216 is DENIED. The Court has unsealed Dkt. 217-3.

<u>Dkt. 219</u>. At Dkt. 219, Pine River requested that Exhibit 18 to its letter-brief at Dkt. 220 (Dkt. 220-2) remain under seal until Two Harbors, whose confidentiality designations were implicated, had an opportunity to file its own sealing request. (The letter-brief is filed publicly in redacted form at Dkt. 218.) At Dkt. 225, Two Harbors informed the Court that it did not oppose unsealing Exhibit 18. Consequently, the motion at Dkt. 219 is DENIED. The Court has unsealed Dkt. 220-2.

<u>Dkts. 221</u>. At Dkt. 221, Two Harbors requested that the portions of its letter-brief at Dkt. 223 (filed publicly in redacted form at Dkt. 222) remain under seal until Pine River, whose confidentiality designations were implicated, had an opportunity to file its own sealing request. At Dkt. 232, Pine River requests that the sealed portions of Dkt. 223 remain sealed, as they reference

the same valuation materials for which Pine River requested sealing at Dkt. 214. The Court agrees. The motion at Dkt. 221 is GRANTED.

Dkts. 227 and 234. At Dkt. 227, Two Harbors requested that portions of its letter-motion at Dkt. 228 (filed publicly in redacted form at Dkt. 226), including Exhibit E thereto (Dkt. 228-5) and a brief reference to Exhibit E in the text of the letter-motion, remain under seal until Pine River and Mr. Yeary, whose confidentiality designations were implicated, had an opportunity to file their own sealing request. At Dkt. 234, Pine River requests that the sealed portions of Dkt. 228 remain sealed, because they concern the same "personal and salacious allegations" discussed above. For the reasons there noted, the motions at Dkts. 227 and 234 are GRANTED.

Dkt. 230. At Dkt. 230:

(1) Pine River requests, on its own behalf, that portions of its letter-motion at Dkt. 231 (filed publicly in redacted form at Dkt. 229), specifically, portions of Exhibit 1 (Dkt. 231-1) and all of Exhibit 2 (Dkt. 231-2) remain sealed, because they too concern the same "personal and salacious allegations" discussed above. For the reasons there noted, this aspect of the motion at Dkt. 230 is GRANTED.

(2) Pine River also requested that the remainder of Exhibit 1 to the letter-motion at Dkt. 231, as well as Exhibits 3 through 7 to that letter-motion (Dkts. 231-3 through 231-7), remain under seal until Two Harbors, whose confidentiality designations were implicated, had the opportunity to file its own sealing request. No such request was ever filed. Consequently, this aspect of the motion at Dkt. 230 is DENIED. The Court has unsealed Dkts. 231-3 through 231-7. Pine River shall refile the letter-motion now at Dkt. 231 in public view along with a redacted copy of Exhibit 1 thereto.

The Clerk of Court is respectfully directed to close the motions at Dkts. 181, 185, 189, 202, 206, 213, 214, 216, 219, 221, 227, 230, and 234.

Dated: New York, New York
December 22, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**