UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRCM ADVISERS LLC, et al.,

              Plaintiffs,

-against-

TWO HARBORS INVESTMENT CORP.,

              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/20/2023__

20-CV-5649 (LAK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court is a letter-motion dated March 24, 2022 (Dkts. 282, 284) (Def. Ltr.), in which defendant (Two Harbors) seeks an order requiring plaintiffs (collectively, Pine River) to produce two witnesses for additional deposition sessions so that they can be questioned about matters related to certain documents (the Post-Termination Documents) that Pine River produced pursuant to this Court's order dated December 30, 2022 (Dkt. 252). Two Harbors explains that Pine River produced 2,082 new documents, completing the production by March 13, 2023 (long after fact discovery otherwise closed), and that these documents are relevant to certain of the parties' claims and defenses, including Pine River's damages stemming from Two Harbors's allegedly wrongful use of its intellectual property (IP) after the termination of the parties' Management Agreement. Def. Ltr. at 2-3. Defendant seeks leave to question (i) Phil Prince, Pine River's "head of technology," for up to three additional hours, and (ii) Pine River, pursuant to Fed. R. Civ. P. 30(b)(6), also for up to three hours, regarding six previously-identified topics concerning Pine River's IP and related damages. *Id*. at 1.

During the parties' meet-and-confer, Pine River offered to provide a single witness, but only for a one-hour deposition session, which would be limited to a single document and "issues/facts that [the specified document] sheds light on." Def. Ltr. at 2; *id*. Ex. 2 (Dkt. 282-2) at ECF p. 3. In its responding letter-brief (Pl. Ltr) (Dkts. 286, 287), Pine River goes further, opposing

any further deposition questioning, because – it says – Two Harbors "inevitably will use the additional depositions as justification to completely revamp its responses to Pine River's IP interrogatories," Pl. Ltr. at 1, which the Court recently warned it not to do when giving it an opportunity to serve "further amended and supplemental responses to plaintiff's contention interrogatories, without any reservations based on the incomplete fact discovery." Order dated February 13, 2023 (2/13/23 Order) (Dkt. 281) ¶ 4; *see* Tr. of Feb. 13, 2023 Conf. (Dkt. 286-1) at 31:17-22. Those amended and supplemental responses are due tomorrow, April 21, 2021. 2/13/23 Order ¶ 4. According to Pine River, the Post Termination Documents (including the two exemplar documents attached to Two Harbors's letter-motion) do not support its request for further deposition sessions because they relate to Pine River's "hedge fund IT systems" rather than to the "misappropriated IP" used by Two Harbors (a real estate investment trust), to which Pine River no longer has any access. Pl. Ltr. at 3.

In its reply letter-brief (Def. Reply Ltr.) (Dkts. 288, 290),[1] Two Harbors points out that the exemplar documents discuss Pine River's "EDMS," which is the same type of IP that it accuses Two Harbors of misappropriating, thus suggesting that "Pine River is using substantially similar, if not identical, 'intellectual property' for its hedge fund business" and may in fact have "access" to the IP at issue in this action. Def. Reply Ltr. at 2-3. More generally, Two Harbors argues that additional deposition sessions are "routinely" granted when relevant documents have been

---

[1] Defendant's letter's motion is publicly filed at Dkt. 282, with Exhibits 3-6 redacted, because Pine River designated those documents "confidential" or "highly confidential" when it produced them. Another copy of defendant's letter-motion, attaching Exhibits 3-6, is filed under seal at Dkt. 284. Plaintiffs' opposition letter is publicly filed at Dkt. 286, with Exhibits C and D redacted. Another copy, attaching those exhibits, is filed under seal at Dkt. 287. Defendant's reply letter is publicly filed at Dkt. 288, with Exhibit B redacted, because Pine River designated that document "highly confidential" when served. Another copy of defendant's reply letter, attaching Exhibit B, is filed under seal at Dkt. 290.

improperly withheld; that it should not be required to "reveal its deposition strategy in order to be entitled to deposition testimony on documents untimely produced by Pine River"; and that its request for a mere six hours of additional deposition time is "trivial" in light of the hundreds of millions of dollars allegedly at stake in this action. *Id*. at 1-2. It adds that it does not intend to "'revamp' anything" and will limit the reopened depositions to "six to twelve documents." *Id*. at 2.

After careful review of the parties' submissions, the Court concludes that Two Harbors is entitled to a limited opportunity to reopen deposition discovery. The exemplars it presents may well prove to shed little or no light on the allegedly misappropriated IP. Moreover, its unwillingness to say more about what it intends to probe in a deposition does not give the Court confidence that any of the other Post Termination Documents are truly significant to the parties' claims and defenses. Two Harbors's coyness on this point also militates against reopening Pine River's Rule 30(b)(6) deposition, as some of the topics that defendant proposes to cover are extremely broad (for example, topic 40, "damages claimed by Pine River," Def. Ltr. at 1), and would place a correspondingly heavy preparation burden on Pine River. Nonetheless, given the high financial stakes in this action, coupled with Pine River's failure to produce any of the Post-Termination Documents prior to the fact discovery deadline, the Court is reluctant to bar Two Harbors entirely from obtaining related testimony, and will not presume – as Pine River urges – that defendant will "inevitably" abuse the opportunity in order to violate this Court's directions concerning its amended interrogatory responses. *See* Pl. Ltr. at 1.

Consequently, it is hereby ORDERED that defendant's letter motion (Dkts. 282, 284) is GRANTED to the extent that defendant may reopen Mr. Prince's deposition for no more than three additional hours of questioning, limited to no more than 12 Post-Termination Documents and/or issues as to which those documents shed additional light.

It is further ORDERED that the reopened Prince deposition is to take place as soon as reasonably practicable, at a time and place (or by remote means) not unduly inconvenient for the witness.

It is further ORDERED that the parties are to meet and confer promptly and in good faith concerning a brief extension of defendant's time to serve its further amended and supplemental responses to plaintiff's contention interrogatories, with corresponding extensions to the parties' expert discovery deadlines if necessary. No later than **April 27, 2023**, the parties shall submit a proposed order resetting those deadlines.

It is further ORDERED that the parties' pending sealing motions (Dkts. 260, 264, 265, 283, 285, 289, 291) are GRANTED.

Dated: New York, New York
          April 20, 2022

                              **SO ORDERED.**

                              **BARBARA MOSES**
                              **United States Magistrate Judge**