# EXHIBIT 32

CONFIDENTIAL UNDER PROTECTIVE ORDER

Page 1

```
 1

 2   UNITED STATES DISTRICT COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   ------------------------------------------X
 5   PRCM ADVISERS LLC, PINE RIVER CAPTIAL
 6   MANAGEMENT L.P. AND PINE RIVER DOMESTIC
 7   MANAGEMENT L.P.,
 8                                   Plaintiffs,
 9          -against-            Case No.:
                                 1:20-cv-05649-LAK
10   TWO HARBORS INVESTMENT CORP.,
11                                   Defendant.
12   ------------------------------------------X
13
                    787 Seventh Avenue
14                  New York, New York 10019
15                  September 8, 2023
                    9:07 a.m.
16

17

18        REALTIME VIDEOTAPED EXAMINATION BEFORE
19   TRIAL of JUSTIN MCLEAN, the Expert Witness in
20   the above-entitled action, taken on behalf of
21   the Defendant, held at the above time and
22   place, and taken before Dorene Glover, an RSR
23   Reporter and Notary Public within and for the
24   State of New York.
25
```

CONFIDENTIAL UNDER PROTECTIVE ORDER

Page 50

1                    MCLEAN
2  asserted trade secrets by August 14, 2020."
3          Do you see that?
4      A.  Yes.
5      Q.  How did you decide that March 2020
6  could be used as the start time for the
7  independent development of technologies that
8  would replicate the core functionalities of the
9  asserted trade secrets?
10         MR. LOBEL:  Objection to form.
11     A.  That date that's provided as one of
12 the dates associated with the ending of the
13 management agreement, and the way that it
14 corresponds to a date where Pine River's
15 informed Two Harbors that it was not willing to
16 negotiate the level of compensation.
17     Q.  So is March 2020 the start time you
18 used in analyzing the timeline for development
19 and implementation of alternatives for all of
20 your damages analyses?
21         MR. LOBEL:  Objection to form.
22     A.  No.
23     Q.  Which ones in what -- what -- which
24 of your analysis did you use a different
25 starting date for?

CONFIDENTIAL UNDER PROTECTIVE ORDER

Page 51

1        MCLEAN
2             MR. LOBEL:  Objection to form.
3        A.   Well, later in my report when we're
4   talking about the unjust enrichment numbers and
5   the hypothetical negotiation associated with
6   the DTSA, there were other discussions of
7   starting points.
8        Q.   For your breach of contract
9   damages, you used this March 2020 date.
10            Correct?
11            MR. LOBEL:  Objection to form.
12       A.   I discussed this March 2020 date
13  with the breach of contract damages, yes.
14       Q.   And you understand, sir, that Two
15  Harbors did not, in fact, begin developing and
16  implementing alternatives replicating the core
17  functionality of the asserted trade secrets in
18  March 2020, correct?
19            MR. LOBEL:  Objection to form.
20       A.   I believe that's correct, yes.
21       Q.   So for purposes of your contract,
22  damages analysis, you're assuming that Two
23  Harbors could have behaved differently prior to
24  August 2020 than it actually did, correct?
25            MR. LOBEL:  Objection to form.

CONFIDENTIAL UNDER PROTECTIVE ORDER

Page 204

1               MCLEAN
2  mathematical analysis.  He's doing it with some
3  small differences.
4       Q.   Let's talk about your response to
5  Dr. Vellturo's DTSA damages.
6            For purposes of that portion of
7  your report, you assume that the asserted trade
8  secrets are, in fact, trade secrets, correct?
9       A.   Yes, I do.
10      Q.   And for purposes of your report,
11 you also assume that Two Harbors is
12 misappropriating those trade secrets, correct?
13      A.   Yes, that's correct.  I outline
14 that in that section of my report inwards as
15 well.
16      Q.   For purposes of your calculation
17 of unjust enrichment damages, on what date did
18 you assume that Two Harbors began
19 misappropriating the alleged trade secrets?
20           MR. LOBEL:  Objection to form.
21      A.   The misappropriation would begin
22 arguably at the date of termination, which
23 would be in August.
24      Q.   And your report doesn't have an
25 opinion regarding unjust enrichment damages