UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRCM ADVISERS LLC, et al.,

        Plaintiffs,

-against-

TWO HARBORS INVESTMENT CORP.,

        Defendant.

20-CV-5649 (LAK) (BCM)

**SEALING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The parties have filed a number of sealing motions in connection with their summary judgment and *Daubert* motions. The Court considers each of them in turn.

Dkts. 339 and 370. At Dkt. 339, defendant (Two Harbors) requests that certain exhibits to the Sama Declaration in support of its summary judgment motion (Dkts. 345, 350) be sealed or redacted, in some instances on behalf of plaintiff (Pine River), whose confidentiality designations were implicated.[1] At Dkt. 370, Pine River requests that the Court maintain under seal the exhibits that it designated confidential. The motion at Dkt. 339 is GRANTED for the reasons set forth therein.

Dkts. 343 and 374. At Dkt. 343, Pine River requests that certain exhibits to the Landy Declaration in support of its *Daubert* motion (Dkts. 342, 346) be sealed, and that the corresponding portions of its moving memorandum (Dkts. 341, 344) be redacted, in some instances on behalf of Two Harbors, whose confidentiality designations were implicated. At Dkt. 374, Two Harbors requests that the Court maintain under seal (or in redacted form) the exhibits that it designated

---

[1] Two Harbor's letter-motion at Dkt. 339 advised the Court only that it sought leave to seal various exhibits to its "Motion for Summary Judgment." It did not identify the Sama Declaration (either by name or by docket number) as the filing to which those exhibits were attached, requiring the Court to hunt through the docket to locate them. Two Harbors's later sealing letter-motions were similarly opaque. Particularly where, as here, multiple sealing motions are filed in rapid succession, the Court would appreciate a more precise identification of the materials as to which sealing is requested.

confidential, except that it "consents to the unsealing of Exhibit 21 in its entirety." The motion at Dkt. 343 is GRANTED, for the reasons set forth therein, except as to Exhibit 21 to the Landry Declaration, which the Court will unseal.

<u>Dkts. 355 and 375</u>. At Dkt. 355, Two Harbors requests that certain exhibits to the Sama Declaration in support of its *Daubert* motion (Dkts. 360, 362) be sealed or redacted, in some instances on behalf of Pine River, whose confidentiality designations were implicated. At Dkt. 375, Pine River requests that the Court maintain under seal the exhibits that it designated confidential, except that it "withdraws its request that Ex. 9, Ex. 10, Ex. 13, Ex. 16, Ex. 17, Ex. 21, Ex. 25, and Ex. 27 be maintained under seal." The motion at Dkt. 355 is GRANTED, for the reasons set forth therein, except for Exs. 9, 10, 13, 16, 17, 21, 25, and 27 to the Sama Declaration, which the Court will unseal.

<u>Dkts. 361 and 373</u>. At Dkt. 361, Pine River requests that certain exhibits to the Conlin Declaration in support of its summary judgment motion (Dkts. 359, 366) be sealed, and that the corresponding portions of its Rule 56.1 statement (Dkts. 349, 365) and its moving memorandum (Dkts. 348, 364) be redacted, in some instances on behalf of Two Harbors, whose confidentiality designations were implicated. At Dkt. 373, Two Harbors requests that the Court maintain under seal (or in redacted form) the exhibits that it designated confidential, except that it "consents to the unsealing of Exhibits 117 and 127" to the Conlin Declaration. The Court notes, however, that Exhibit 127 was designated confidential by Pine River, not Two Harbors. The motion at Dkt. 361 is GRANTED, for the reasons set forth therein, except as to Exhibit 117 to the Conlin Declaration, which the Court will unseal.

<u>Dkts. 381 and 407</u>. At Dkt. 381, Pine River requests that certain exhibits to the Wislocky Declaration in opposition to Two Harbors's summary judgment motion (Dkts. 380, 384) be sealed,

2

and that the corresponding portions of its opposition memorandum (Dkts. 383, 385) and counter-Rule 56.1 statement (Dkts. 382, 385) be redacted, in some instances on behalf of Two Harbors, whose confidentiality designations were implicated. At Dkt. 407, Two Harbors requests that the Court maintain under seal (or in redacted form) the exhibits that it designated confidential. The motion at Dkt. 381 is GRANTED for the reasons set forth therein.

Dkts. 387 and 408. At Dkt. 387, Pine River requests that certain exhibits to the McElroy Declaration in opposition to Two Harbors's *Daubert* motion (Dkts. 386, 389) be sealed, and that the corresponding portions of its opposition memorandum (Dkts. 385, 388) be redacted, in some instances on behalf of Two Harbors, whose confidentiality designations were implicated. At Dkt. 408, Two Harbors requests that the Court maintain under seal (or in redacted form) the exhibits that it designated confidential. The motion at Dkt. 387 is GRANTED for the reasons set forth therein.

Dkts. 390, 403, and 406. At Dkts. 390 and 403, Two Harbors requests that certain exhibits to the Sama Declaration in opposition to Pine River's summary judgment motion (Dkts. 392, 394) be sealed, and that the corresponding portions of its opposition memorandum (Dkts. 401, 402) and its counter-Rule 56.1 statement (Dkts. 398, 400) be redacted, in some instances on behalf of Pine River, whose confidentiality designations were implicated. At Dkt. 406, Pine River requests that the Court maintain under seal the exhibits that it designated confidential. The motions at Dkts. 390 and 403 are GRANTED for the reasons set forth therein.

Dkts. 391, 405. At Dkt. 391, Two Harbors requests that certain exhibits to the Sama Declaration in opposition to Pine River's *Daubert* motion (Dkts. 393, 395) be sealed, and that the corresponding portions of its opposition memorandum (Dkts. 397, 399) be redacted, in some instances on behalf of Pine River, whose confidentiality designations were implicated. At Dkt.

3

405, Pine River requests that the Court maintain under seal a portion of Exhibit 32 to the Sama Declaration, specifically, paragraphs 38-40, but withdraws its request as to the remainder of Exhibit 32. The motion at Dkts. 391 is GRANTED, for the reasons set forth therein. Additionally, Pine River shall promptly file a redacted copy of Exhibit 32 to the Sama Declaration on the public docket, with only paragraphs 38-40 redacted.

Dkts. 411, 429, and 432. At Dkts. 411 and 429, Pine River requests that certain exhibits to the Landy Declaration in further support of Pine River's *Daubert* motion (Dkts. 410-3, 413, 430) be sealed, and that the corresponding portions of its reply memorandum (Dkt. 409, 412) be redacted, on behalf of Two Harbors, whose confidentiality designations were implicated. At Dkt. 432, Two Harbors requests that the Court maintain under seal the exhibits that it designated confidential. The motions at Dkts. 411 and 429 are GRANTED for the reasons set forth therein.

Dkt. 416. At Dkt. 416, Pine River requests that portions of its summary judgment reply brief (Dkts. 359, 366), referencing certain exhibits to the Conlin Declaration in support of its summary judgment motion, be redacted. Two Harbors did not file any responding letter. The motion at Dkt. 416 is GRANTED for the reasons set forth therein.

Dkt. 419. At Dkt. 419, Pine River requests that the exhibits (or portions thereof) to the letter from Jacob F. Siegel, dated January 25, 2024 (Dkts. 418, 420), be sealed, on behalf of Two Harbors, whose confidentiality designations were implicated. Although Pine River advised Two Harbors of its obligation to file its own letter, within three court days, explaining the need for sealing, Two Harbors did not file any such letter. The motion at Dkt. 419 is therefore DENIED. The Court will unseal the exhibits to the Siegel letter.

Dkts. 421, 422, and 431. At Dkt. 421, Two Harbors requests that certain exhibits to the Sama Declaration in further support of Two Harbors's *Daubert* motion (Dkts. 423, 424) be sealed,

and at Dkt. 422, requests that the corresponding portions of its reply memorandum (Dkts. 425, 426) be redacted, in some instances on behalf of Pine River, whose confidentiality designations were implicated. At Dkt. 431, Pine River requests that the Court maintain under seal the exhibits that it designated confidential, but "withdraws its request that Exhibit 53 to the Sama Declaration be maintained under seal." The motions at Dkt. 421 and 422 are GRANTED, for the reasons set forth therein, except as to Exhibit 53 to the Sama Declaration, which the Court will unseal.

The Clerk of Court is respectfully directed to close the motions at Dkts. 339, 343, 355, 361, 381, 387, 390, 391, 403, 411, 416, 419, 421, 422, and 429.

Dated: New York, New York
       September 11, 2024          **SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**