UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PRCM ADVISERS LLC, et al.,

                                                    Plaintiffs,


                -against-                                          20-cv-5649 (LAK)


TWO HARBORS INVESTMENT CORP.,

                                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __05/23/2025___      │
└─────────────────────────────────┘
```

**MEMORANDUM AND ORDER**


LEWIS A. KAPLAN, *District Judge.*

            PRCM Advisers LLC ("PRCM" and, collectively with other plaintiffs, "Pine River")

was established in 2009 to manage Two Harbors Investment Corp. ("Two Harbors"), a real estate

investment trust. In July 2020, PRCM sued Two Harbors for allegedly breaching the parties'

management agreement. It claimed that Two Harbors perpetrated a "coup" by allegedly fabricating

reasons to terminate Pine River as its external manager, poaching Pine River's employees, and

misappropriating Pine River's intellectual property.

            Two Harbors denies any such wrongdoing. It has counterclaimed against Pine River

alleging that the management agreement is void and unenforceable and that plaintiffs breached their

fiduciary duties. It brings also common law and tort claims under New York law.

            This Court is quite familiar with this case, having rendered three previous opinions

it the matter.  In this instance, however, the case is before the Court on competing motions for

summary judgment and, more specifically, objections by Two Harbors to a thorough and detailed 87-

2

page report and recommendation by Magistrate Judge Barbara Moses  (the "R&R")[1] in which she recommended that

- Pine River's motion for summary judgment be granted to the extent of (a) establishing Twin Harbor's liability on Pine River's Third Claim, and (b) dismissing most of Two Harbors' counterclaims, and that

- Two Harbors' motion for summary judgment be denied.

The Court has reviewed the R&R and the parties' submissions with care and adhered to the scope of review prescribed by statute.  It is firmly of the view that the R&R's factual and legal conclusions are correct in all material respects.

Two Harbors does argue that the R&R is inconsistent in some respects with this Court's prior rulings.  It is mistaken.

Two Harbors argues that the R&R "cannot be reconciled" with the Court's opinion denying plaintiffs' motion for judgment on the pleadings ("*PRCM III*")[2] because "[i]n *PRCM III*, this Court held that Two Harbors' allegations . . . , if true, provided sufficient support for Two Harbors' counterclaims that Pine River was a faithless servant, breached its fiduciary duties, breached the Management Agreement, and breached the implied covenant of good faith and fair dealing."[3]  The Court addresses each of these purported inconsistencies in turn.

---

[1]
Dkt 448.

[2]
*PRCM Advisers LLC v. Two Harbors Inv. Corp.*, 2023 WL 5152288 (S.D.N.Y. Aug. 10, 2023) ("*PRCM III*").

[3]
Dkt 451 at 12-13.

First, with respect to the faithless servant counterclaim, *PRCM III* held that "arguments with respect to the sufficiency of Two Harbors' allegations [we]re inappropriate at th[at] stage."[4] The R&R properly entertained those arguments at summary judgment and correctly concluded that (1) "the alleged misconduct, which was many leagues removed from its investment advisory duties, did not 'permeate [Pine River's] service in the most material and substantial part,' as required for a faithless servant claim," and (2) "the record does not show that any misconduct was committed."[5]

Next, with respect to the alleged breaches of fiduciary duty and the implied covenant of good faith and fair dealing, *PRCM III* held only that those claims were not duplicative of the breach of contract claim because plaintiffs had "a duty to act with care and loyalty independent of the terms of the contract."[6] Consistent with *PRCM III*, the R&R recognized that PRCM owed fiduciary duties "aris[ing] out of the investment advice it provided or its management of the REIT's portfolio."[7] The R&R recognized also, however, that "Pine River's broader management responsibilities did not give rise to a similar duty" and "the alleged breaches relate to matters far removed from [its] fiduciary functions."[8]

---

[4]     *PRCM III*, 2023 WL 5152288, at *10.

[5]     R&R at 49 (quoting *PRCM III*, 2023 WL 5152288, at *10).

[6]     *PRCM III*, 2023 WL 5152288, at *11.

[7]     R&R at 41.

[8]     *Id.* at 40–41.

4

Finally, *PRCM III* did not address the sufficiency of the breach of contract counterclaim.[9]  Indeed, in a prior opinion, the Court ruled that plaintiffs alleged sufficiently that "Two Harbors was not justified in terminating the Management Agreement based on PRCM's purported gross negligence."[10]  And at summary judgment, the R&R correctly concluded that Two Harbors did not establish a genuine issue of material fact sufficient to prevent the entry of judgment against it on its breach of contract counterclaim.[11]

Accordingly, there are no inconsistencies between the R&R and *PRCM III*.  To the contrary, the R&R correctly applied the legal principles set forth in *PRCM III* and the Court's other opinions in this case.[12]

## *Conclusion*

1.    Pine River's motion for summary judgment (Dkt 347) is (a) granted to the extent (i) that Two Harbors is liable on Pine River's Third Claim, which is for wrongful termination of the Management Agreement without cause, (ii) Two Harbors' Counterclaims I through V, X through XII, and so much of IX as seeks recovery of $10.3 million allegedly realized by Pine River pursuant to allegedly improper LTIP Sharing Agreements, are dismissed, and (b) otherwise denied.

---

[9]    *See PRCM III*, 2023 WL 5152288, at *11; Dkt 118 (plaintiffs moved to "dismiss the claims and defenses of Two Harbors . . . except its claim for breach of contract").

[10]    *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649 (LAK), 2021 WL 4847224, at *3 (S.D.N.Y. Oct. 18, 2021).

[11]    *See* R&R at 53, 59, 63, 71-75.

[12]    *See, e.g.*, *id.* at 49, 62, 65, 71, 76-79.

5

2.    Two Harbors' motion for summary judgment (Dkt 338) is denied in all respects.

SO ORDERED.

Dated:    May 23, 2025

/s/ Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge