UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
PRCM ADVISERS LLC, et al.,

                        Plaintiffs,

-against-                                20-cv-5649 (LAK)

TWO HARBORS INVESTMENT CORP.,

                        Defendant.
------------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This case involves a dispute between a real estate investment trust ("REIT"), Two Harbors Investment Corp. ("Two Harbors"), and its external manager, PRCM Advisers LLC (collectively with other plaintiffs, "Pine River"). Before the Court is Two Harbors' objection to Magistrate Judge Moses's opinion and order granting in part and denying in part the parties' respective *Daubert* motions.

*Background*

        The relevant facts and procedural history are set forth in detail in the Court's prior decisions, with which the Court assumes familiarity.[1] Pine River and Two Harbors filed cross

---

[1] *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649 (LAK), 2023 WL 5152288 (S.D.N.Y. Aug. 10, 2023); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649 (LAK), 2021 WL 2582132 (S.D.N.Y. June 23, 2021); *PRCM Advisers LLC v. Two Harbors Inv. Corp.*, No. 20-CV-5649 (LAK), 2021 WL

motions for summary judgment and competing *Daubert* motions. Judge Moses recommended that the Court grant in part and deny in part Pine River's summary judgment motion and deny Two Harbors' summary judgment motion in all respects.[2] On May 23, 2025, the Court adopted those recommendations in full.[3]

In her opinion and order on the parties' *Daubert* motions (the "Order"), Judge Moses ordered that each motion be granted and denied in part.[4] Specifically, the Order granted plaintiffs' motion to exclude to the extent that (1) Dr. David Lynn's opinion rebutting the damages estimates of plaintiffs' expert, Dr. Christopher Vellturo, was excluded in part, and (2) Robert Zeidman's opinion regarding ownership of certain intellectual property ("IP") and his untimely supplemental analysis were excluded. The Order granted defendant's motion to the extent that (1) Daniel Roffman may not testify regarding ownership of contested IP or the proper interpretation of Section 27(a) of the management agreement entered into by the parties ("Management Agreement"), (2) Michael Maffatone's opinions regarding the effect of access to Pine River's IP on Two Harbors' business and legal conclusions concerning ownership and misappropriation of IP are excluded, (3) Kenneth Slosser's opinions were excluded to the extent they relied on excluded portions of Maffatone's report or on the failure of Silicon Valley Bank as a comparator, (4) Michael Judlowe may not testify about the parties' alleged intent or motive, and (5) Dr. Christopher Vellturo's $686 million unjust

---

4847224 (S.D.N.Y. Oct. 18, 2021).

[2] Dkt 448.

[3] Dkt 479.

[4] Dkt 440.

3

enrichment damages estimates was excluded. The motions otherwise were denied.

### *Discussion*

*I.    Legal Standard*

A magistrate judge's determination in a non-dispositive matter is reviewed for clear error.[5] "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused."[6] "Accordingly, Respondents bear a 'heavy burden' to overturn a magistrate judge's decision on a non-dispositive matter."[7]

*II.   Vellturo Opinions 1 and 2a*

Two Harbors first requests that the Court "confirm" elements of the Order. This request is procedurally improper because there is no need for a Court to "confirm" a magistrate's

---

[5] Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (district court may set aside a magistrate judge's order on a non-dispositive issue if it is "clearly erroneous or contrary to law").

[6] *In re B&C KB Holding GmbH*, No. 22-MC-180 (LAK) (VF), 2023 WL 4544775, at *1 (S.D.N.Y. June 8, 2023) (alteration in original) (quoting *In re Iraq Telecom Ltd.*, No. 18-mc-458 (LGS) (OTW), 2020 WL 1047036, at *1 (S.D.N.Y. Mar. 4, 2020)), *aff'd*, No. 23-1014, 2024 WL 3170983 (2d Cir. June 26, 2024).

[7] *Id.* (quoting *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, No. 21-mc-007 (JGK), 2023 WL 2477889, at *2 (S.D.N.Y. Mar. 13, 2023)); *see also U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-cv-6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("[A] party seeking to overturn a magistrate judge's decision thus carries a heavy burden.").

4

order where no party has objected to it.[8] Second, Two Harbors mischaracterizes the Order. Two Harbors asserts that the Order excluded Dr. Vellturo's damages estimates of $722.3 million ("Opinion 1") and $303.7 million ("Opinion 2a"), in addition to the $686 million estimate ("Opinion 2"). As Pine River correctly notes, the Order did not rule on the admissibility of Opinions 1 and 2a.[9] Indeed, Two Harbors changes its tune in its reply brief, noting that the Order did not address Opinions 1 and 2a.[10]

To the extent Two Harbors objects that the Order should have excluded Opinions 1 and 2a, there was no clear error. Two Harbors asserts that Opinions 1 and 2a are "built upon the same foundation of assumptions" as Opinion 2 and therefore must be excluded.[11] The Order excluded Opinion 2 because it relied on the Maffatone's inadmissible opinion regarding how long it would have taken Two Harbors to return its business to pre-termination[12] levels after losing access to Pine River's IP.[13] Opinion 1 did not rely on this excluded opinion — rather, it relied upon Slosser's opinion that the existing Two Harbors REIT would have been forced to unwind without

---

[8] See Fed. R. Civ. P. 72(a).

[9] R&R at 37–41.

[10] Dkt 477 at 1.

[11] Dkt 453 at 6, 8.

[12] "Pre-termination" refers to the period immediately preceding the termination of the Management Agreement by Two Harbors.

[13] Dkt 440 at 40–41.

access to Pine River's IP.[14] Nor did Opinion 2a rely on Maffatone's excluded opinion — it relied on O'Laughlen's admissible opinion regarding "how long it would have taken Two Harbors' principals to wind down its MSR business, start another company, and grow that company to the size Two Harbors was" pre-termination without access to a subset of the IP at issue.[15]

The Order stands as written — the Court declines to "confirm" it along the lines suggested by Two Harbors or otherwise alter it.

### III. Vellturo Opinions 3 and 3a

Two Harbors objects that the Order should have excluded Vellturo's damages estimates of $283.4 million ("Opinion 3") and $120.2 million ("Opinion 3a"). Opinions 3 and 3a are estimates of reasonable royalties for the allegedly misappropriated IP. These estimates are calculated using a formula applied to Vellturo's unjust enrichment estimates (Opinions 1, 2, and 2a). The Order held that these estimates "do[] not appear to rely on the excluded portions of the Maffatone Report" and are not "otherwise excluded on reliability grounds."[16]

Two Harbors argues that Opinions 3 and 3a in fact do rely on excluded portions of the Maffatone Report because they are derivative of Opinions 2 and 2a respectively. As set forth above, the Order did not exclude Opinion 2a, so Opinion 3a should not be excluded based on its relation to Opinion 2a.

---

[14] Dkt 440 at 38–39.

[15] Id. at 19 (quotation marks omitted).

[16] Id. at 41 n.14.

6

With respect to Opinion 3, Pine River concedes that Vellturo's $283.4 million estimate is derivative of Opinion 2. However, Pine River asserts that the calculation for this estimate "can be replicated using the $722.3 million from the wind-down scenario from Opinion 1, which has not been excluded."[17] The Order held that this methodology was reliable,[18] and Two Harbors does not object to that ruling. Accordingly, Vellturo may offer a reasonable royalty estimate derived from Opinion 1 using the methodology used to generate Opinions 3 and 3a.[19]

## IV.   O'Laughlen and Slosser Opinions

Finally, Two Harbors objects that the Court should exclude the opinions of O'Laughlen and Slosser relied upon by Vellturo (and, consequently, Vellturo's opinions). Two Harbors argues that these opinions are "speculative and present a parade of horribles that has never happened in the history of REITs."[20]

This objection reiterates arguments made in Two Harbors' motion and that the Order rejected. With respect to O'Laughlen, the Order held that Two Harbors' arguments "go to the weight

---

[17] Dkt 461 at 7–8.

[18] Dkt 440 at 41 n.14.

[19] Two Harbors does not argue that allowing Vellturo to offer Opinion 3 with this modification runs afoul of Fed. R. Civ. P. 26(a)(2)(B). In any event, Vellturo's expert report unambiguously includes multiple unjust enrichment estimates, including Opinion 1, and the methodology used to calculate reasonable royalty damages based on those estimates. A revised estimate using the same calculation applied to a different, already disclosed input does not constitute a separate, undisclosed opinion.

[20] Dkt 453 at 10.

of O'Laughlen's opinions, not their admissibility, and can be tested on cross-examination."[21] With respect to Slosser, the Order rejected Two Harbors' arguments that he offered speculative opinions, has no relevant experience, and provided no factual support for his opinion.[22] As noted in the Order, "Two Harbors' arguments in effect ask this Court to exclude Slosser's opinion because it is incorrect. That is not the standard."[23] Two Harbors has failed to show any error — let alone clear error — in the Order's reasoning.

Accordingly, the objection to the Order's treatment of O'Laughlen's and Slosser's opinions, and Vellturo's estimates based on those opinions, is overruled.

### *Conclusion*

Two Harbors' objection to Magistrate Judge Moses's opinion and order on the parties' respective *Daubert* motions (Dkt 453) is sustained to the extent that Vellturo may not offer a reasonable royalty damages estimate based on his $686 unjust enrichment estimate. The objection

---

[21] Dkt 440 at 22; *see also id.* at 39–41 (rejecting argument that Vellturo's estimates should be excluded because "none of the other Pine River experts (or anyone else) had ever heard of a REIT winding down its operations because it lost access to software").

[22] *Id.* at 22–27.

[23] *Id.* at 26.

is otherwise overruled.

        SO ORDERED.

Dated:      June 11, 2025

                                      Lewis A. Kaplan
                                  United States District Judge